THACKER v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 52984. Submitted May 6, 1981, at Detroit.—Decided
March 18, 1982. Leave to appeal applied for.

Robert R. Thacker was injured while driving his automobile in
the course of his employment. Detroit Automobile Inter-Insur-
ance Exchange was the no-fault insurer of Thacker's vehicle.
Thacker received both workers' compensation benefits and a
monthly payment from DAIIE, which represented the excess
wage-loss benefit due and owing to Thacker over and above the
workers' compensation payment. Thacker redeemed his work-
ers' compensation claim for $8,566.28 less than he would have
received had he elected to continue to receive his workers'
compensation benefits during the three-year period specified by
the no-fault act. Thacker thereafter brought suit against DAIIE
in Macomb Circuit Court to recover the $8,566.28 difference
which would have been paid to him under the workers' com-
pensation act had he not redeemed his claim. The court, Robert
J. Chrzanowski, J., ruled in plaintiff's favor, and a verdict of
$8,566.28, plus statutory interest was entered. Defendant ap-
peals. *Held:*

The trial court erred. The no-fault act mandates the setoff of
the entire amount which plaintiff would have received had he
elected to receive his complete workers' compensation benefits.

Reversed.

N. J. KAUFMAN, J., dissented. He would hold that the no-fault
act mandates a setoff of only the amount actually received by
plaintiff through the redemption of his workers' compensation
claim. He would affirm the judgment of the trial court.

OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION —
   REDEMPTION OF WORKERS' COMPENSATION CLAIM — SETOFF.
   A no-fault insurer is not bound by a decision of an injured

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Automobile Insurance §§ 328, 368, 458.
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.

insured to voluntarily redeem a workers' compensation claim; therefore, the insurer is not required to pay increased no-fault benefits subsequent to the redemption and is entitled to set off the full benefit that the insured would have received had he chosen to continue receiving periodic workers' compensation benefits (MCL 500.3107[b], 500.3109[1]; MSA 24.13107[b], 24.13109[1]).

DISSENT BY N. J. KAUFMAN, J.

2. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — REDEMPTION OF WORKERS' COMPENSATION CLAIM — SETOFF.

*The no-fault insurance act mandates a setoff of only the amount actually received by an injured insured through the redemption of a workers' compensation claim, not the full benefit that the insured would have received had he chosen to continue receiving periodic workers' compensation benefits (MCL 500.3107[b], 500.3109[1]; MSA 24.13107[b], 24.13109[1]).*

*Perkins & Quick,* for plaintiff.

*Nunneley, Hirt, Rinehart & Cermak, P.C.,* for defendant.

Before: BASHARA, P.J., and N. J. KAUFMAN and J. L. BANKS,* JJ.

PER CURIAM. The plaintiff brought this lawsuit to recover personal protection insurance benefits allegedly owed him by the defendant under a no-fault insurance policy.

Plaintiff was injured on July 14, 1974, during his employment and while driving his own automobile. Defendant was the no-fault insurer of the plaintiff's private automobile. Plaintiff was paid workers' compensation benefits, including those medical benefits required to be paid by MCL 418.315; MSA 17.237(315). Defendant paid plaintiff the sum of $168.52 per month, which represented the excess wage-loss benefit due and owing to

* Circuit judge, sitting on the Court of Appeals by assignment.

plaintiff over and above the workers' compensation payment. The workers' compensation payment was subtracted under § 3109(1) of the no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.,* from the wage-loss benefits under the policy of automobile insurance. On July 2, 1975, plaintiff redeemed his workers' compensation claim for the sum of $25,000. The parties agreed that, had plaintiff elected to continue to receive his workers' compensation benefits during the three-year period specified by the no-fault insurance act, MCL 500.3107(b); MSA 24.13107(b), he would have received an additional $8,566.28 in workers' compensation benefits.

At issue is whether the defendant must be bound by the decision of plaintiff to voluntarily redeem his compensation claim for $25,000 and thus be required to pay increased no-fault benefits subsequent to the redemption; or is defendant entitled to set off the full benefit that plaintiff would have received had he chosen to continue receiving periodic workers' compensation benefits?

The case was tried in the circuit court on stipulated facts, and a verdict in plaintiff's favor for $8,566.28, with statutory interest, was entered. Defendant has appealed.

MCL 500.3109(1); MSA 24.13109(1) reads:

"Sec. 3109. (1) Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

This issue appears to be of first impression in this Court. The Michigan Supreme Court, in *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979), upheld

the constitutionality of § 3109. Since then, Michigan courts have held that no-fault insurers are entitled to set off various benefits "provided or required to be provided * * *". We are not aware, however, of any cases which directly treat the question before us.

We are not presented with any argument of double recovery here. Rather, the Court is asked to say which of two insurers shall pay. It would therefore seem to be a policy decision.

The Supreme Court in *O'Donnell, supra,* has already decided that the public policy considerations of the Legislature in enacting § 3109(1) are proper, and notes in its decision that an important objective is "* * * to reduce or contain the cost of no-fault insurance by eliminating some of the benefit duplication that would otherwise occur". *O'Donnell, supra,* 546. The Court goes on to note that "[b]ecause the first-party insurance proposed by the act was to be compulsory, it was important that the premiums to be charged by the insurance companies be maintained as low as possible. Otherwise, the poor and the disadvantaged people of the state might not be able to obtain the necessary insurance." *O'Donnell, supra,* 547.

Here, as in the *O'Donnell* case, it is evident that a policy which shifts more of the burden to the no-fault insurers will inevitably result in higher premiums being charged for that coverage. The policy consideration here would favor the view of the defendant.

We must also carefully examine the language of the statute. We are here discussing benefits "required to be provided under the laws of any state * * *". Another panel of this Court has considered this language in *Perez v State Farm Mutual Automobile Ins Co,* 105 Mich App 202; 306 NW2d 451

(1981). The Court held that the defendant no-fault insurer was entitled to set off workers' compensation benefits which are required to be provided by law even though the plaintiff's employer was not insured and the plaintiff did not, in fact, receive any workers' compensation benefits. The Court found that the language in § 3109(1) is clear and unambiguous and gave the phrase "* * * required to be provided * * *" its plain meaning, even though such a ruling produced a harsh result.

The plain meaning of "require" (as shown in *Webster's New World Dictionary)* is "to ask or insist upon, as by right or authority; demand". Applying that language literally to this case would lead us to conclude that the workers' compensation benefits "required by the laws of the state * * *" are those which the compensation provider would have to pay. Or, stated another way, those benefits which the plaintiff had the right to insist upon. That amount is clearly the sum which plaintiff could have received, had he elected to take his periodic benefits for the entire time he was entitled to them. Any lesser amount would not fit the definition.

We find, therefore, that the trial court erred in its finding and that the language of § 3109(1) mandates the setoff of the entire amount which plaintiff would have received, had he elected to receive his complete workers' compensation benefits as required by law.

Reversed.

N. J. KAUFMAN, J. *(dissenting).* I respectfully dissent. I believe that § 3109(1)[1] mandates a setoff of only the amount actually received by plaintiff

---

[1] MCL 500.3109(1); MSA 24.13109(1).

through the redemption of his workers' compensation claim.

I agree with the majority that the pertinent language of § 3109 calls for subtraction of those benefits "provided or *required* to be provided *under the laws of any state* or the federal government". (Emphasis added.) Moreover, I agree that the plain meaning of "require" is "to ask or insist upon, as by right or authority; demand". Applying this definition literally to the pertinent language of § 3109 leads me to conclude that the amount to be set off is that which the laws of this state, in this instance the workers' compensation law, insist upon. At the times relevant to this suit, the workers' compensation law did not require the payment of full scheduled benefits, but instead permitted redemptions for a lesser lump sum.[2] Here, the additional $8,566.28 will not be paid to plaintiff by his employer's compensation carrier because it is not "required to be provided" and because plaintiff was willing to settle for less.

I would affirm the judgment of the trial court.

---

[2] The Legislature has since acted to prohibit future redemptions as a part of its most recent reform of the Worker's Disability Compensation Act. See 1981 PA 192-1981 PA 204.