NASH v DETROIT AUTOMOBILE INTER-INSURANCE
EXCHANGE

Docket No. 60400. Submitted July 20, 1982, at Detroit.—Decided
October 19, 1982. Leave to appeal applied for.

Sophie Nash was injured in an automobile collision. She was
insured under an automobile no-fault insurance policy issued
by Detroit Automobile Inter-Insurance Exchange, which made
personal protection benefit payments to Nash after having
deducted from its coverage the Medicare payments received by
Nash. Nash brought an action in Wayne Circuit Court to
recover from the insurer the amounts deducted from the insur-
ance benefits to reflect the Medicare payments. The action was
held in abeyance during the pendency of a case in the Michi-
gan Supreme Court involving the question of the right of an
insurer to deduct from its insurance benefit payments the
amount received by the claimant as Medicare payments. Upon
resolution of that case, which held that the insurer is legally
obligated to pay the insured medical benefits even though
Medicare also provided the same coverage, defendant paid the
plaintiff the amounts previously withheld. A dispute arose as to
whether plaintiff was entitled to collect both the 12% interest
provided for in the no-fault insurance act and the statutory 6%
judgment interest. The trial court, Patrick J. Duggan, J.,
granted plaintiff's motion for summary judgment and awarded
plaintiff interest under both provisions. Defendant appeals.
Held:

1. That section in the automobile no-fault insurance act
which provides that the insurer shall pay interest on any
overdue personal protection benefits payments for which the
insurer is liable is applicable to claims which the insurer in
good faith rejects. An insurer rejects a claim for benefits at its
own risk.

2. Since the interest provision in the automobile no-fault

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 145, 272.

[2, 3] 7 Am Jur 2d, Automobile Insurance §§ 344, 357.

Automobile Insurer's liability for statutory excess interest for de-
layed payment of no-fault claim. 14 ALR4th 761.

insurance act relative to overdue payments of personal protection benefits is penal in nature, the trial court properly awarded both the penal interest under the no-fault act and the statutory judgment interest.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

Courts are to construe statutes so as to enforce the intent of the Legislature; the spirit and purpose of the statute should prevail over its strict letter.

2. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — INTEREST.

The provision in the automobile no-fault insurance act providing that the insurer shall pay interest on any overdue payments of personal protection benefits for which the insurer is liable is applicable to claims which the insurer in good faith rejects; an insurer rejects a claim for benefits at its own risk (MCL 500.3142; MSA 24.13142).

3. INSURANCE — NO-FAULT INSURANCE — PENALTY INTEREST — JUDGMENT INTEREST — STATUTES.

A trial court may properly award 12% penalty interest and 6% judgment interest under the no-fault automobile insurance act because the purpose of the 6% interest statute is to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money, while the purpose of the 12% interest provision is to penalize the recalcitrant insurer rather than compensate the claimant; these statutes are not mutually exclusive (MCL 500.3142, 600.6013; MSA 24.13142, 27A.6013).

*Austin D. Perrotta,* for plaintiff.

*Dickinson, Mourad, Brandt, Hanlon & Becker* (by *Dennis M. Killeen)* and *Gromek, Bendure & Thomas* (by *Nancy L. Bosh),* of counsel, for defendant.

Before: M. F. CAVANAGH, P.J., and D. C. RILEY and V. J. BRENNAN, JJ.

M. F. CAVANAGH, P.J. The plaintiff, Sophie Nash, was severely injured in an automobile colli-

sion on January 15, 1977. The defendant, Detroit Automobile Inter-Insurance Exchange, provided insurance benefits to the plaintiff, pursuant to her automobile no-fault insurance policy. The defendant deducted Medicare payments that the plaintiff received from the amount of coverage that it provided.

On August 29, 1977, the plaintiff initiated suit to recover the $57,253.19 deducted from the plaintiff's insurance benefits. This suit was held in abeyance while the Supreme Court of Michigan decided the same issue in another case. On February 3, 1981, the Supreme Court ruled in *LeBlanc v State Farm Mutual Automobile Ins. Co,* 410 Mich 173; 301 NW2d 775 (1981), that an insurer is legally obligated to pay its insured medical benefits, even though Medicare also provides the same coverage.

On June 30, 1981, the defendant paid the plaintiff the $57,253.19 that it had previously withheld. A dispute arose between the parties regarding whether the plaintiff was entitled to collect on the withheld payments both interest pursuant to the provisions of the automobile no-fault insurance act, MCL 500.3142; MSA 24.13142, and judgment interest, pursuant to MCL 600.6013; MSA 27A.6013. The plaintiff filed a motion for summary judgment, which was granted, awarding the plaintiff both types of interest. Defendant appeals by right.

First, we must determine if the defendant incurred a 12% interest penalty when it withheld a portion of PIP benefits from the plaintiff in excess of 30 days in contravention of MCL 500.3142; MSA 24.13142. The defendant asserts that interest should only be charged as a penalty for wilful procrastination and that, accordingly, interest

should not be assessed when the carrier erroneously misinterpreted a statute in good faith. Conversely, the plaintiff claims that the 12% interest charge should be levied whenever the insurer has failed to pay benefits on time, regardless of the reason. The plaintiff's argument is based on the theory that the carrier assumes the risk of being assessed interest if its rejection of a claim proves to be wrongful. This dispute is an issue of first impression in this jurisdiction.

We begin our task of construing the statute by examining its text. MCL 500.3142; MSA 24.13142 states:

"(1) Personal protection insurance benefits are payable as loss accrues.

"(2) Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Any part of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. For the purpose of calculating the extent to which benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery.

"(3) An overdue payment bears simple interest at the rate of 12% per annum."

The rules of statutory construction require us to determine and enforce the intent of the Legislature. The spirit and purpose of the statute should prevail over its strict letter. *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629, 633-

634; 270 NW2d 670 (1978), *lv den* 406 Mich 862 (1979); *Lincoln Park Detention Officers v Lincoln Park,* 76 Mich App 358, 362; 256 NW2d 593 (1977), *lv den* 402 Mich 888 (1978). Accordingly, § 3142 must be construed in accordance with the Legislature's purpose in enacting the no-fault insurance law. The aim of the no-fault act in general, and § 3142 specifically, is to promptly and adequately compensate persons who were injured in a motor vehicle mishap. *Richards, supra,* p 634; *Shavers v Attorney General,* 402 Mich 554; 267 NW2d 72 (1978).

Section 3142(2) provides that personal protection insurance benefits are overdue if not paid within 30 days after the insurer receives reasonable proof of the *fact* of injury and of the amount of loss sustained. Payments are not overdue if they are not supported by reasonable proof. The facts in the current case establish that the plaintiff provided reasonable and verifiable proof in support of her claim for compensation.

The defendant did not challenge the reasonableness of the plaintiff's claim or the accuracy of the proof. Instead, the defendant asserted that it was *legally* entitled to subtract Medicare benefits from its coverage. Since this position proved to be unjustified, the benefits were overdue. Interest is owing because the defendant's defense is not recognized by § 3142(2). The plaintiff's right to interest is not dependent upon the presence or absence of the insurer's good faith in rejecting a claim. A carrier rejects a claim at its own risk. It will owe interest if its interpretation of the statute proves to be erroneous. *Carrillo v State Farm Mutual Automobile Ins Co,* 96 Nev 793; 618 P2d 351 (1980); *Ortiz v Safeco Ins Co,* 144 NJ Super 506;

366 A2d 695 (1976); *Hayes v Erie Ins Exchange,*
493 Pa 150; 425 A2d 419 (1981). If this result
seems harsh, it must be remembered that the
defendant had full and unimpeded use of the sum
involved during this dispute.

Finally, the defendant claims that the trial court
erred in awarding the 6% judgment interest, MCL
600.6013; MSA 27A.6013, in addition to the 12%
penalty interest pursuant to MCL 500.3142; MSA
24.13142. This dispute was resolved by the follow-
ing passage from our decision in *Wood v Detroit
Automobile Inter-Ins Exchange,* 99 Mich App 701,
709; 299 NW2d 370 (1980):

"The purpose of the six percent interest statute is to
*compensate* the prevailing party for the expenses in-
curred in bringing an action and for the delay in
receiving money damages. *Schwartz v Piper Aircraft
Corp,* 90 Mich App 324, 326; 282 NW2d 306 (1979);
*Waldrop v Rodery,* 34 Mich App 1, 4; 190 NW2d 691
(1979). The 12 percent interest provision is intended to
*penalize* the recalcitrant insurer rather than compen-
sate the claimant. See *O J Enterprises, Inc v Ins Co of
North America,* 96 Mich App 271; 292 NW2d 207 (1980)
(similar purpose intended under the Insurance Code,
MCL 500.2006; MSA 24.12006). We do not consider
these statutes to be mutually exclusive. Therefore, the
trial court correctly ordered both the six percent and
the 12 percent interest."

Recently, the Supreme Court affirmed this holding
in *Wood v Detroit Automobile Inter-Ins Exchange,*
413 Mich 573, 589; 321 NW2d 653 (1982).

Accordingly, we conclude that the trial court
properly awarded the plaintiff both the 12% no-
fault interest and the 6% judgment interest.

Affirmed. Costs to plaintiff.