JAMES v ALLSTATE INSURANCE COMPANY

Docket No. 67431. Submitted January 3, 1984, at Grand Rapids.— Decided March 23, 1984.

Plaintiff, Kathy James, was injured in an automobile accident in the course of her employment. She received workers' compensation benefits and social security disability benefits as a result of the injury. She subsequently elected to redeem the workers' compensation claim for a lump sum. Plaintiff then brought an action against Allstate Insurance Company, her no-fault insurer, for no-fault wage loss benefits. The Muskegon Circuit Court, Ronald H. Pannucci, J., granted summary judgment to defendant, ordering that defendant was entitled to set off the amount which plaintiff had received in social security disability benefits and the amount which plaintiff would have been entitled to receive in workers' compensation benefits had she elected to continue receiving periodic payments. Plaintiff appealed. *Held:*

The defendant is not bound by the plaintiff's decision to voluntarily redeem her workers' compensation claim. The defendant is entitled to set off the entire amount which plaintiff would have received had she elected to continue receiving periodic workers' compensation benefits. Because the defendant's liability was exceeded by the amounts plaintiff received as social security benefits and the amount she would have received had she not elected to redeem the workers' compensation claim, summary judgment was properly granted to defendant.

Affirmed.

INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — REDEMPTION OF CLAIM — SET-OFF.

A no-fault insurer is not bound by the decision of an injured insured to redeem a workers' compensation claim arising from

REFERENCES FOR POINTS IN HEADNOTE

7 Am Jur 2d, Automobile Insurance § 368.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

the same injury; therefore, the insurer is entitled to set off the entire amount which the insured would have received had he elected to continue receiving periodic workers' compensation benefits (MCL 500.3109[1]; MSA 24.13109[1]).

*Logan & Ross, P.C.* (by *Benjamin H. Logan, II),* for plaintiff.

*Nelson & Kreuger* (by *James R. Nelson),* for defendant.

Before: R. B. BURNS, P.J., and V. J. BRENNAN and J. T. KALLMAN,* JJ.

PER CURIAM. Plaintiff was injured in the course of her employment in an automobile accident on February 8, 1979. She filed a claim for workers' compensation benefits and did receive monies pursuant to that claim. Plaintiff also received social security disability benefits. On September 10, 1981, she filed this action against defendant, her no-fault insurer, claiming that the company was liable for 85% of the wages she lost as a result of her automobile accident. On September 29, 1982, the trial court issued an order dismissing the case pursuant to GCR 1963, 313.4 and, in the event that the dismissal is set aside, granting summary judgment to defendant pursuant to GCR 1963, 117.2(3).

After plaintiff received notice that she could collect workers' compensation benefits, she elected to settle her workers' compensation claim for $8,-000. During the period following her accident, plaintiff was also receiving approximately $290 per month in social security disability benefits. The amount of workers' compensation benefits that defendant would have been able to receive per

* Circuit judge, sitting on the Court of Appeals by assignment.

week had she not settled her claim was set at $112 by the parties.

On August 16, 1982, the trial court issued its second order for partial summary judgment which contained its holdings on two of the issues regarding which plaintiff appeals. The court ordered that summary judgment of no cause of action be entered in favor of defendant to the extent that plaintiff received any social security disability benefits. The court further ordered that summary judgment of no cause of action be entered in favor of defendant to the extent that plaintiff received workers' compensation benefits and to the extent that she would have been entitled to receive such benefits had she not elected to redeem her workers' compensation case.

In *Thacker v Detroit Automobile Inter-Ins Exchange,* 114 Mich App 374; 319 NW2d 349 (1982), this Court interpreted MCL 500.3109(1); MSA 24.13109(1) under circumstances similar to those of the instant case. In that case, the issue was whether the defendant was bound by the decision of the plaintiff to voluntarily redeem his compensation claim, thus requiring defendant to pay increased no-fault benefits subsequent to the redemption, or whether the defendant was allowed to set off the full amount that the plaintiff would have received had he chosen to continue receiving periodic workers' compensation benefits. The Court held that the language of § 3109(1) mandates the set-off of the entire amount which plaintiff would have received had he elected to receive his complete workers' compensation benefits as required by law. Applying *Thacker* to the instant case, it is clear that the trial court correctly granted summary judgment to defendant. Defendant's liability under the no-fault act was exceeded by the

amount which plaintiff had received in social security benefits and the amount she would have received in workers' compensation benefits had she not redeemed her claim.

Affirmed.