GREGORY v TRANSAMERICA INSURANCE COMPANY

Docket No. 72708. Submitted June 20, 1984, at Detroit.—Decided
December 3, 1984. Leave to appeal granted, 422 Mich —.

Plaintiff, Russell G. Gregory, was injured in an automobile colli-
sion during the course of his employment. The vehicle involved
was insured by defendant, Transamerica Insurance Company.
Plaintiff redeemed a workers' compensation claim in the
amount of $12,500, $12,000 of which was specifically allocated
to medical expenses. Plaintiff then sought no-fault wage-loss
benefits from defendant. The Wayne Circuit Court, Theodore R.
Bohn, J., granted judgment in favor of plaintiff, requiring
defendant to pay full wage-loss benefits subject to a setoff of
only $500, that being the amount of the redemption award
allocated to wage loss. Defendant appealed, alleging that it is
entitled to set off the entire amount of wage-loss benefits
"required to be provided" under the workers' compensation law
without regard to the amount actually received by plaintiff
under the redemption agreement. *Held:*

1. Where, as in this case, the plaintiff used reasonable efforts
to obtain workers' compensation benefits and entered into a
redemption agreement in good faith, the amount "required to
be provided" under the workers' compensation law is, at most,
the amount received by the plaintiff under the redemption
agreement. That is the amount which the no-fault insurer is
entitled to set off pursuant to MCL 500.3109(1).

2. The test for determining whether benefits are duplicative
and thus must be set off against no-fault benefits is whether
they (1) serve the same purpose as the no-fault benefits and (2)
are provided as a result of the same accident. In this case the
benefits are certainly the result of the same accident, and the
workers' compensation redemption payment, except for $500,
did serve a different purpose than the no-fault wage-loss bene-

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 7 Am Jur 2d, Automobile Insurance § 368.
82 Am Jur 2d, Workmen's Compensation §§ 250, 338 *et seq.*
Validity and construction of no-fault insurance plans providing for
reduction of benefits otherwise payable by amounts receivable
from independent collateral sources. 10 ALR4th 996.

fits since it was specifically allocated to medical expenses. The trial court properly limited the setoff to $500.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — SETOFF.

The statutory provision that a no-fault insurer shall set off from personal protection benefits those benefits provided or required to be provided by state or federal law obligates the injured person to use reasonable efforts to obtain payments that are available from a workers' compensation insurer; where no such effort is made the available workers' compensation benefits may be set off even if they are not in fact paid to the injured person (MCL 500.3109[1]; MSA 24.13109[1]).

2. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — SETOFF.

The amount "required to be provided" under the Workers' Disability Compensation Act, where a person is injured in a motor vehicle accident while in the course of his employment, and thus available to a no-fault insurer as a setoff against personal protection insurance benefits payable for the same injury, is, at most, the amount received by the injured person where he enters into a redemption agreement in good faith (MCL 500.3109[1]; MSA 24.13109[1]).

3. INSURANCE — NO-FAULT INSURANCE — DUPLICATIVE BENEFITS — SETOFF.

State or federal benefits "provided or required to be provided" must be deducted from no-fault automobile insurance benefits if they (1) serve the same purpose as the no-fault benefits, and (2) are provided or are required to be provided as a result of the same accident (MCL 500.3109[1]; MSA 24.13109[1]).

*Joseph C. Costanzo,* for plaintiff.

*Tyler, Reynolds, Kenny & Thayer, P.C.* (by *Michael J. Walter),* for defendant.

Before: ALLEN, P.J., and WAHLS and M. WARSHAWSKY,* JJ.

M. WARSHAWSKY, J. The issue in this case is whether, under § 3109(1) of the no-fault insurance

* Circuit judge, sitting on the Court of Appeals by assignment.

act,[1] money received by plaintiff pursuant to a workers' compensation redemption agreement which specifically allocated the money to past, present and future medical expenses may be deducted by defendant from no-fault wage-loss benefits otherwise due. We hold that under the circumstances of this case, defendant is not entitled to a setoff under § 3109(1).

On October 27, 1980, plaintiff was allegedly injured in an automobile collision during the course of his employment. The vehicle involved in the accident was leased by plaintiff's employer and insured by defendant. Plaintiff received workers' disability compensation beneftis from October 27, 1980, until May 3, 1981. A workers' compensation proceeding followed, in which the claim was redeemed in the amount of $12,500. The redemption agreement specifically allocated $12,000 of the award to past, present and future medical expenses.[2]

Plaintiff proceeded to look to defendant for no-fault personal protection benefits arising out of the accident. Plaintiff made no claim for medical expense benefits against defendant, but seeks to recover his entire wage-loss claim with only a $500 setoff pursuant to the redemption agreement and § 3109(1).

The trial court entered an order on September 7, 1982, requiring defendant to pay full personal protection benefits retroactive to May 4, 1981, with only a $500 setoff. An order denying defendant's motion to set aside the September 7, 1982, order was denied on June 27, 1983. Defendant appeals as of right.

Section 3109(1) provides:

---

[1] MCL 500.3109(1); MSA 24.13109(1).

[2] The remaining $500 was attributable to wage losses. The trial court's order set off this amount against no-fault benefits due.

330 MICH APP 327 [Dec

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

Defendant argues that it is entitled to set off the entire amount of wage-loss benefits "required to be provided" to plaintiff under the Worker's Disability Compensation Act (WDCA) without regard to the amount actually received by plaintiff pursuant to the redemption agreement or to the allocation of benefits therein. In other words, it is defendant's position that the redemption agreement is totally irrelevant to the determination of the setoff under § 3109(1). Defendant relies on *Thacker v DAIIE,* 114 Mich App 374; 319 NW2d 349 (1982), *lv den* 419 Mich 875 (1984), and *Moore v Travelers Ins Co,* 475 F Supp 891 (ED Mich, 1979), which held that a no-fault insurer may setoff the amount the claimant would have collected had he continued to receive periodic workers' compensation payments, and not merely the actual amount received under a redemption agreement. *Thacker* was followed by another panel of this Court in *James v Allstate Ins Co,* 137 Mich App 222; 358 NW2d 1 (1984).

For the following reasons, we disagree with the analyses in *Thacker* and *Moore,* and hold that the amount "provided or required to be provided" to plaintiff under the WDCA is, at most, the amount which he received pursuant to the redemption agreement.

In *Thacker,* the Court relied in part on the Court of Appeals decision in *Perez v State Farm Mutual Automobile Ins Co,* 105 Mich App 202; 306 NW2d 451 (1981), which held that a no-fault insurer was entitled to set off workers' compensation benefits which were required to be provided by law

even though the claimant did not in fact receive the benefits. However, the Supreme Court reversed in *Perez,* 418 Mich 634; 344 NW2d 773 (1984). The Court held:

"The 'required to be provided' clause of § 3109(1) means that the injured person is obliged to use reasonable efforts to obtain payments that are available from a workers' compensation insurer. If workers' compensation payments are available to him, he does not have a choice of seeking workers' compensation or no-fault benefits; the no-fault insurer is entitled to subtract the available workers' compensation payments even if they are not in fact paid because of the failure of the injured person to use reasonable efforts to obtain them." (Footnote omitted.) 418 Mich p 645-646.

Plaintiff in the instant case did use reasonable efforts to obtain workers' compensation benefits by asserting a claim which resulted in a redemption agreement. The redemption procedure is authorized and governed by statute, and a redemption must be approved by the hearing referee before it becomes effective. MCL 418.835; MSA 17.237(835), MCL 418.836; MSA 17.237(836).[3] There are many reasons why an employee may enter into a redemption agreement. One reason is to effect a compromise where liability under the WDCA is disputed. The fact that the workers' compensation claim resulted in a redemption and lump sum payment does not in any way suggest that plaintiff failed to use reasonable efforts to obtain benefits.

We also disagree with the *Thacker* analysis on policy grounds. Requiring the circuit court to look

[3] MCL 418.835; MSA 17.237(835) states that a redemption is subject to approval of the hearing officer. MCL 418.836(1); MSA 17.237(836)(1) sets forth four prerequisites for approval of a redemption. One of the factors the hearing officer must consider under subsection 836(2) is: "Any other benefits the injured employee is receiving or is entitled to receive and the effect a redemption agreement might have on those benefits."

beyond the four corners of the redemption agreement and to determine the amount of periodic payments to which a claimant would otherwise have been entitled under the WDCA would impermissibly invade the exclusive jurisdiction of the Bureau of Workers' Disability Compensation over matters relating to the act. MCL 418.841; MSA 17.237(841). Such a rule could actually result in litigating an employer's workers' compensation liability in the circuit court. It could also have the effect of curtailing the use of redemptions since many employees with pending no-fault claims would be unwilling to redeem their workers' compensation claims where there is a risk that the amount of the setoff against no-fault benefits would exceed the amount received pursuant to the redemption. We conclude that where a redemption agreement is entered into in good faith, the amount "required to be provided" under the WDCA is, at most, the amount received by plaintiff under the redemption agreement.

Having decided that the setoff under § 3109(1) may not exceed the redemption amount, we must now determine the amount of the setoff available to defendant in this case. The Supreme Court in *Jarosz v DAIIE,* 418 Mich 565, 577; 345 NW2d 563 (1984), established a two-part test to determine whether benefits are duplicative and thus subject to setoff under § 3109(1).

"We conclude that the correct test is: state or federal benefits 'provided or required to be provided' must be deducted from no-fault benefits under § 3109(1) if they:

"1) Serve the same purpose as the no-fault benefits,[9] and

"2) Are provide or are required to be provided as a result of the same accident.

"[9] This prong of the test requires the Court to determine whether the challenged benefit payment serves the same purpose as the no-fault benefit payment. To be properly deductible under § 3109(1), the challenged benefit payment must serve the same purpose as the no-fault benefit payment. It is not sufficient that the challenged benefit payment has the same *effect* as the no-fault benefit payment; it must have the same *purpose*. It is the purpose, not the effect, which the Court considers in determining whether or not the challenged benefit payment duplicates the no-fault benefit payment."

In the present case, there is no question that criterion 2 is met since the entire redemption payment and the no-fault personal protection benefits were "provided or required to be provided" as a result of the same accident.

With regard to criterion 1, the *Jarosz* Court noted that "a particularized assessment of the questioned governmental benefit is necessary to identify the ultimate beneficiary, the nature of the benefits, the reason for paying them, and the events triggering entitlement to them". 418 Mich 580. The Supreme Court warned against an inappropriately generalized notion of purpose under criterion 1, since it might lead to a conclusion that almost any governmental benefit may be viewed as duplicative. *Id.*

In the present case, the workers' compensation redemption payment was intended to and does in fact serve a different purpose than the no-fault wage-loss benefits. The redemption funds were specifically allocated to medical expenses while no-fault work-loss benefits are a substitute for wages which a person actually would have earned but for an automobile accident. 418 Mich 580, 581.

Defendant urges this Court to look behind the express terms of the redemption agreement and to determine that the payment was in fact intended to compensate for wage loss. For the reasons discussed above, we find that, absent evidence of bad

faith, the circuit court should not look behind the allocation made in the redemption agreement.[4]

We conclude that the trial court was correct in limiting the setoff to the $500 attributable in the redemption agreement to wage losses.

Affirmed.

---

[4] Where there is evidence of bad faith, we believe the circuit court may look behind the redemption agreement and determine the proper allocation for purposes of the setoff provision.