CANNELL v RIVERSIDE INSURANCE COMPANY

Docket No. 66429. Submitted October 3, 1984, at Grand Rapids.—
Decided May 9, 1985.

Plaintiff, Judy G. Cannell, was injured in an automobile accident.
Her automobile was insured by defendant, Riverside Insurance
Company. Defendant paid wage-loss benefits for three years
following the accident as required by the no-fault act. Subse-
quently, plaintiff filed a claim for workers' compensation bene-
fits for her injuries, wage loss, medical bills and disabilities
allegedly arising from the same accident. Plaintiff and her
employer's workers' compensation insurer settled that claim.
The settlement covered weekly wage-loss payments and all
past, present and future medical benefits and hospital bills.
Plaintiff thereafter filed suit in Roscommon Circuit Court
against defendant seeking to recover for her medical expenses,
replacement services, damages for mental anguish arising out
of a breach of contract and damages for intentional infliction of
emotional distress, after the defendant denied her claim for
benefits. The circuit court, Carl L. Horn, J., after a bench trial,
entered a judgment for plaintiff for her medical expenses,
attorney fees, 12% per annum interest on the medical expen-
ses, and all future medical expenses relating to the automobile
accident. The trial court entered a judgment of no cause of
action on plaintiff's claim for replacement services, damages for
mental anguish arising out of a breach of contract, and dam-

REFERENCES

Am Jur 2d, Automobile Insurance § 368.

Am Jur 2d, Limitation of Actions § 103.

Am Jur 2d, Workmen's Compensation §§ 673-682.

Right of health or accident insurer to intervene in worker's com-
pensation proceeding to recover benefits previously paid to claim-
ant or beneficiary. 38 ALR4th 355.

When statute of limitations commences to run on automobile no-
fault insurance personal injury claim. 36 ALR4th 357.

Automobile insurer's liability for statutory excess interest for de-
layed payment of no-fault claim. 14 ALR4th 761.

Validity and construction of no-fault insurance plans providing for
reduction of benefits otherwise payable by amounts receivable
from independent collateral sources. 10 ALR4th 996.

ages for intentional infliction of emotional distress. Defendant appealed as of right and plaintiff cross-appealed from the judgment. *Held:*

1. Plaintiff is not entitled to a double recovery. Even if, as plaintiff alleged, her injuries would not be compensable under workers' compensation, defendant would still be entitled to set off those amounts which plaintiff received in her workers' compensation settlement for the same injuries. The determination of whether the injuries were suffered in the course of plaintiff's employment is within the exclusive jurisdiction of the Bureau of Workers' Disability Compensation. The Court of Appeals remanded the case to the circuit court to allow plaintiff to petition the bureau for a determination of whether her injuries are compensable under workers' compensation. If plaintiff fails to petition or if the bureau finds that it was a compensable injury, then the circuit court shall grant defendant a setoff for the entire amount plaintiff would have received under workers' compensation. If the injury is not compensable, then defendant may only set off the amount which plaintiff received.

2. Plaintiff's claim for replacement service benefits was barred by the statutory period of limitation in the no-fault act. The act requires that notice be given to the insurer within one year after the most recent allowable expense. Plaintiff failed to give notice to the defendant or file a suit within the time period provided by the act.

3. Defendant acted unreasonably in terminating plaintiff's medical benefits. Plaintiff was, therefore, entitled to receive penalty interest of 12 percent per annum on the overdue benefits.

4. While defendant may have acted wrongfully in refusing to pay plaintiff's medical benefits, defendant's actions did not constitute extreme or outrageous behavior. Therefore, plaintiff is not entitled to damages for mental anguish or intentional infliction of emotional distress.

Reversed and remanded.

MacKenzie, J., concurred separately. She noted that there is a split of authority within the Court of Appeals on the issue of whether a no-fault insurer is entitled to set off the amount an injured worker would have collected had he continued to receive periodic workers' compensation payments rather than the actual amount received by the worker under a redemption agreement. She would hold that a no-fault insurer may set off such an amount.

OPINION OF THE COURT

1. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — SETOFF.

   A worker injured in a motor vehicle accident is obliged under the no-fault act to use reasonable efforts to obtain workers' compensation benefits which are required to be paid for the injury under the workers' compensation act and such benefits may be set off from no-fault work-loss benefits to which the worker is entitled (MCL 418.315; MSA 17.237[315], MCL 500.3109; MSA 24.13109).

2. INSURANCE — WORKERS' COMPENSATION — BUREAU OF WORKERS' DISABILITY COMPENSATION — EXCLUSIVE JURISDICTION.

   The determination of whether a worker's injuries were suffered in the course of employment is within the exclusive jurisdiction of the Bureau of Workers' Disability Compensation (MCL 418.841; MSA 17.237[841]).

3. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — SETOFF.

   An injured worker does not have a choice of seeking workers' compensation or no-fault benefits, if workers' compensation payments are available to him or her; the no-fault insurer is entitled to subtract the available workers' compensation payments even if they are not paid because of the failure of the injured worker to use reasonable efforts to obtain them (MCL 418.315; MSA 17.237[315], MCL 500.3109; MSA 24.13109).

4. INSURANCE — NO-FAULT INSURANCE — LIMITATION OF ACTIONS.

   The statutory provision for a one-year limitation period for the bringing of an action for personal protection automobile insurance benefits is a period of limitation; therefore, absent the requisite notice within a one-year period following the accident which caused the injury, an insured is barred from bringing an action for such benefits after the one-year period (MCL 500.3145[1]; MSA 24.13145[1]).

5. INSURANCE — NO-FAULT INSURANCE — PENALTY INTEREST.

   The statutory provision in the no-fault act regarding the payment of benefits as loss accrues only requires that the insured present the insurer with reasonable proof of loss; where an insurer does not pay the claim within 30 days after receiving such proof, it becomes liable for penalty interest (MCL 500.3142; MSA 24.13142).

6. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — SETOFF.

   The purpose of no-fault insurance is to promptly pay an insured for economic losses; therefore, it would defeat that purpose if

the court were to allow a no-fault insurer to delay payments to the insured in the hope that it may be entitled to reimbursement or setoff from the insured's workers' compensation benefits (MCL 418.315; MSA 17.231[315], MCL 500.3109; MSA 24.13109).

CONCURRENCE BY MACKENZIE, J.

7. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — SETOFF.

*The Court of Appeals is split on the issue of whether a no-fault insurer is entitled to set off the amount an injured worker would have collected had he continued to receive periodic workers' compensation payments rather than the amount actually received by the worker under a redemption agreement (MCL 418.315; MSA 17.237[315], MCL 500.3109; MSA 24.13109).*

*Terrence H. Bloomquist,* for plaintiff.

*Timothy L. Hass,* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and MAC-KENZIE and R. R. LAMB,* JJ.

PER CURIAM. Defendant appeals as of right and plaintiff cross-appeals from a judgment in favor of plaintiff on certain issues and a judgment of no cause of action against defendant. This action arose from an accident while plaintiff was driving her car home from a meeting. A pick-up truck collided with her car, causing her injuries that are at least partially incapacitating. Defendant is plaintiff's no-fault insurance carrier. After the accident, plaintiff petitioned for a hearing before the Bureau of Workers' Disability Compensation. This dispute was settled for $22,500,[1] which defendant claims should be relinquished to it as setoff and reimbursement. Defendant thereafter refused to disburse any further monies to plaintiff, assert-

_____

* Circuit judge sitting on the Court of Appeals by assignment.

[1] This figure represents $3,630 for attorney fees, $10,000 for medical expenses, and $8,870 for the balance of her claim.

ing that the injuries were covered by workers' compensation benefits.

On appeal, defendant contends that it may claim the full amounts which plaintiff is due from workers' compensation; that in the alternative, defendant is entitled to a setoff for medical benefits; that plaintiff's claim for replacement services is barred by the statutory period of limitation; and that plaintiff should not be entitled to recover for mental anguish and emotional distress.

Plaintiff alleges that she is entitled to penalty interest for defendant's refusal to pay medical bills and that the termination of benefits in 1979 was unreasonable.

Defendant alleges that the trial court erred in not allowing it to set off the entire amount which plaintiff received or was entitled to receive from workers' compensation. MCL 500.3109; MSA 24.13109 provides: "(1) Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury." The Supreme Court has defined the "required to be provided" clause as:

"The 'required to be provided' clause of § 3109(1) means only that the injured person is obliged to use reasonable efforts to obtain available workers' compensation payments. The clause does not authorize subtraction of unavailable workers' compensation benefits." *Perez v State Farm Mutual Automobile Ins Co,* 418 Mich 634, 650; 344 NW2d 773 (1984).

Plaintiff alleges that she was not entitled to workers' compensation payments and, thus, the lump sum she was paid was a bonus. It is clear that plaintiff is not entitled to a double recovery,

*Combs v Commercial Carriers, Inc,* 117 Mich App 67, 75; 323 NW2d 594 (1982), and *Thick v Lapeer Metal Products,* 419 Mich 342, 347; 353 NW2d 464 (1984). Even if the Worker's Disability Compensation Act were found not to be applicable to plaintiff's injuries, defendant would still be entitled to a setoff for those amounts which plaintiff received for the same injuries. *Thick, supra,* pp 348-351. However, we do not know if plaintiff would have been entitled to full workers' compensation benefits. The determination of whether the injuries were suffered in the course of employment is within the exclusive jurisdiction of the Bureau of Workers' Disability Compensation. *Sewell v Clearing Machine Corp,* 419 Mich 56; 347 NW2d 447 (1984). We must remand for a determination of this issue.

As was said in *Perez, supra,* p 646:

"If workers' compensation payments are available to him, he does not have a choice of seeking workers' compensation or no-fault benefits; the no-fault insurer is entitled to subtract the available workers' compensation payments *even if they are not in fact paid because of the failure of the injured person to use reasonable efforts to obtain them."* (Emphasis supplied.)

Accordingly, we remand to the circuit court with instructions that plaintiff shall have 20 days after the filing of this opinion to petition the bureau for a determination of compensable injury. If plaintiff fails to petition, or if the bureau finds that it was a compensable injury, then the circuit court shall grant defendant a setoff for the entire amount plaintiff would have received from workers' compensation. If the injury is not compensable, then defendant may only set off the amount received for the same injury.

Defendant argues that it should be allowed to

set off the amount plaintiff actually received from workers' compensation for medical benefits. We have already agreed with this, see *Thick, supra,* and *Perez, supra.*

Defendant alleges that plaintiff's claim for replacement service benefits is barred by the statutory period of limitation. Plaintiff was injured on January 8, 1976, and by her own admission made no claim until March of 1980. MCL 500.3145; MSA 24.13145 requires that notice be given to the carrier within one year after the most recent allowable expense. Since the last allowable expense for replacement services must have arisen within three years of the accident, MCL 500.3107; MSA 24.13107, the last date plaintiff could have claimed these benefits was January 9, 1979. By her own admission, plaintiff failed to do so. As plaintiff did not file a suit or give notice to defendant, her claim is barred.

Plaintiff contends that she should receive penalty interest in addition to her medical expenses, as defendant was overdue in making the payments and unreasonable in terminating her medical benefits. MCL 500.3142(2); MSA 24.13142(2) provides in part that "[p]ersonal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and the loss sustained". Such overdue payments bear simple interest at the rate of 12 percent per annum. MCL 500.3142(3); MSA 24.13142(3). The statute requires that the insurer be presented with a reasonable proof of loss before the payment becomes due. *Fortier v Aetna Casualty & Surety Co,* 131 Mich App 784, 793; 346 NW2d 874 (1984); *Nash v DAIIE,* 120 Mich App 568, 572; 327 NW2d 521 (1982), and *Sharpe v DAIIE,* 126 Mich App 144, 148; 337 NW2d 12 (1983). The trial court held that plaintiff had submitted such reasonable proof.

We need not decide the good faith issue defendant raised, as we find that assessment of penalty interest should have occurred here due to defendant's behavior. *Wood v DAIIE,* 413 Mich 573, fn 17; 321 NW2d 653 (1982). We find that defendant did act unreasonably in terminating plaintiff's medical benefits. Since the only dispute was which insurer was liable, we agree with *Kalin v DAIIE,* 112 Mich App 497, 510; 316 NW2d 467 (1982), where we said:

"A claimant who is clearly entitled to no-fault benefits should not be forced to hire an attorney merely because the circumstances of his accident create problems of priority among insurers."

In the instant case plaintiff clearly would have been entitled to no-fault benefits as a result of her car accident. However, an issue had arisen regarding whether workers' compensation was liable for her injuries. Just because defendant may be entitled to reimbursement under MCL 500.3109; MSA 24.13109 is not a sufficient reason to withhold benefits. As the purpose of no-fault insurance is to pay insureds promptly for economic losses, *Shavers v Attorney General,* 65 Mich App 355; 237 NW2d 325 (1975), *aff'd in part* 402 Mich 554; 267 NW2d 72 (1978), it would defeat the purpose of no-fault insurance if we were to allow an insurance company to delay payments in its hope that it was entitled to reimbursement. Accordingly, we find defendant liable for penalty interest under MCL 500.3142; MSA 24.13142 and remand for a determination of the date when plaintiff was unreasonably denied benefits and the amount of the benefits. Interest should then run from 30 days after that date.

Plaintiff also contends that she should be enti-

tled to compensation for mental anguish and emotional distress. We do not agree. Even if we were to assume that there is such a tort, plaintiff has not proven that defendant committed that tort. *Butt v DAIIE*, 129 Mich App 211; 341 NW2d 474 (1983). While defendant may have acted wrongfully in refusing to pay plaintiff's medical benefits, we do not find defendant's actions to constitute extreme or outrageous behavior.

Reversed and remanded with instructions. Costs to abide the final result.

MACKENZIE, J. *(concurring).* I concur separately in the majority's remand for a determination of compensable injury by the Bureau of Workers' Disability Compensation to allow setoff of the amount of benefits the workers' compensation carrier would have been required to provide had the claim not been redeemed. I adopt the reasoning of the majority in *Thacker v DAIIE,* 114 Mich App 374; 319 NW2d 349 (1982).

This Court is split on the issue of whether, under MCL 500.3109(1); MSA 24.13109(1), a no-fault insurer is entitled to set off the amount an injured worker would have collected had he continued to receive periodic workers' compensation payments rather than the actual amount received by the worker under a redemption agreement. Compare *Gregory v Transamerica Ins Co,* 139 Mich App 327; 362 NW2d 268 (1984), and *Divito v Transamerica Corp,* 141 Mich App 29; 366 NW2d 231 (1985), with *James v Allstate Ins Co,* 137 Mich App 222; 358 NW2d 1 (1984), following *Thacker.*

I also agree that plaintiff's claim for replacement services is barred by the statutory period of limitation contained in MCL 500.3145; MSA 24.13145 and with the majority's disposition of the

penalty interest issue under MCL 500.3142; MSA 24.13142.

Further, I concur in the determination that plaintiff is not entitled to compensation for mental anguish and distress.