McFADDEN v ALLSTATE INSURANCE COMPANY (ON REMAND)

Docket No. 102286. Submitted July 30, 1987, at Lansing. Decided October 20, 1987.

Gary McFadden was injured in an accident while working in the course of his employment on a mobile crane. The crane is powered by a motor and rolls on wheels. The crane is a dual function unit, having a "highway" mode and a "pick" mode. The accident occurred on private land. Plaintiff thereafter sought personal protection insurance benefits from Allstate Insurance Company, his personal no-fault insurer. Defendant denied the claim and plaintiff thereafter brought an action in the Wayne Circuit Court seeking a judgment ordering the payment of the benefits. The trial court, Harold M. Ryan, J., held, following a bench trial, that the crane was a "motor vehicle" because it was designed for highway operation when in its highway mode and that it was operated "as a motor vehicle" at the time of plaintiff's injury. The court held that the defendant was liable to the plaintiff in the amount of $15,375.27 and entered a judgment and order to that effect. Defendant appealed. The Court of Appeals reversed, finding that the crane on which plaintiff was working when he was injured was not a motor vehicle within the meaning of the no-fault act at the time of plaintiff's injuries because it was not in its highway mode. The Court also held that, even if the crane was a motor vehicle, no-fault personal protection insurance benefits were not payable because the injury did not arise out of ownership, operation, maintenance or use of a motor vehicle as a motor vehicle. 155 Mich App 266 (1986). Plaintiff sought leave to appeal to the Supreme Court, which, in lieu of granting leave to appeal, remanded the case to the Court of Appeals for

REFERENCES

Am Jur 2d, Automobile Insurance §§ 34, 340 et seq.; 368.

Am Jur 2d, Workmen's Compensation § 250.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

What constitutes a "motor vehicle" covered under no-fault insurance. 60 ALR3d 651.

reconsideration in light of *Bialochowski v Cross Concrete Pumping Co,* 428 Mich 219; 407 NW2d 355 (1987).

On remand, the Court of Appeals *held:*

1. In light of the Supreme Court's ruling in *Bialochowski* that a vehicle does not have to be traveling at the time of an accident for personal protection no-fault benefits to be payable pursuant to § 3105(1) of the act and that as long as the vehicle is being used for one of its intended purposes the statutory requirement is met, plaintiff's injury must be deemed to have arisen out of the use of the crane as a motor vehicle.

2. Defendant is entitled to set off $2,923 paid to plaintiff by Transamerica Insurance Company, plaintiff's employer's workers' compensation carrier, for chiropractic treatment plaintiff underwent if the $2,923 is a payment that would have been made by Transamerica had plaintiff not redeemed his workers' compensation claim. Remand is necessary to determine whether Transamerica would have had to make the payment absent the redemption agreement. If the court finds that Transamerica would have had to make the payment, defendant is not liable for it. If the court finds that Transamerica would not have had to make the payment, defendant shall be liable for it.

The prior Court of Appeals decision is reversed and the case is remanded.

1. INSURANCE — NO-FAULT — USE OF MOTOR VEHICLES.

A motor vehicle does not have to be traveling at the time of an accident for personal protection no-fault benefits to be payable under the no-fault act; as long as the motor vehicle is being used for one of its intended purposes at the time of the accident, the statutory requirement that a motor vehicle be used as a motor vehicle is met (MCL 500.3105[1]; MSA 24.13105[1]).

2. INSURANCE — NO-FAULT — WORKERS' COMPENSATION — SETOFF.

The amount of workers' compensation benefits which must be subtracted by a no-fault insurer from personal protection insurance benefits otherwise payable to a worker injured in an automobile accident in the course of employment is the amount of workers' compensation potentially required to be paid under the workers' compensation act; entry by the worker into a redemption agreement with the workers' compensation carrier which results in the relinquishing of rights to future payment and, thus, a reduction in potential recovery does not affect the amount required to be offset by the no-fault insurer (MCL 500.3109[1]; MSA 24.13109[1]).

3. INSURANCE — NO-FAULT — WORKERS' COMPENSATION — SETOFF.
   Workers' compensation payments received by a person injured in
   a motor vehicle accident should be set off from no-fault benefits
   only to the extent they are duplicative of the no-fault benefits
   (MCL 500.3109[1]; MSA 24.13109[1]).

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Richard E. Shaw*), for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James L. Borin* and *Robert D. Goldstein*), for defendant.

ON REMAND

Before: HOOD, P.J., and J. H. GILLIS and SAWYER, JJ.

PER CURIAM. This case, originally published at 155 Mich App 266; 399 NW2d 58 (1986), comes to us on remand from the Supreme Court, the Court ordering us to reconsider our prior opinion in light of *Bialochowski v Cross Concrete Pumping Co,* 428 Mich 219; 407 NW2d 355 (1987).

The facts are set forth in our prior opinion. We held that the crane on which plaintiff was working when he was injured was not a motor vehicle within the meaning of § 3101(2)(c) of Michigan's no-fault act, MCL 500.3101(2)(c); MSA 24.13101(2)(c), because at the time of plaintiff's injuries, it was not in its highway mode. *McFadden v Allstate Ins Co,* 155 Mich App 266, 270, 273; 399 NW2d 58 (1986). In addition, we held that, even if the crane was a motor vehicle, no-fault personal protection insurance benefits were not payable because the injury did not arise out of the use of the crane as a motor vehicle within the meaning of § 3105(1) of the act, MCL 500.3105(1);

MSA 24.13105(1). *Id.*, p 273. Section 3105(1) states that benefits are payable for injury arising out of the "ownership, operation, maintenance or use of a motor vehicle as a motor vehicle."

Our decision was based in large part on *Johnston v Hartford Ins Co,* 131 Mich App 349; 346 NW2d 549 (1984), lv den 419 Mich 893 (1984). In *Johnston,* we held that, although a crane virtually indistinguishable from the crane in the case at bar was a motor vehicle, personal protection insurance benefits were not payable since the injury did not arise out of the use of the crane as a motor vehicle. *Johnston, supra,* pp 361-362. The *Johnston* plaintiff was injured when climbing onto the cab right after the crane had lifted a steel beam onto the top of a building under construction. *Id.*, p 352. The crane was fully rigged and, in that condition, could not have been driven. *Id.*

In *Bialochowski,* the Court held that an injury which occurred when the boom of a cement truck collapsed upon the plaintiff did arise out of the use of a motor vehicle as a motor vehicle. *Bialochowski, supra,* p 229. The truck was parked and stabilized at the time, and was pumping concrete through the boom. *Id.*, p 223. More importantly, the Court stated that the *Johnston* panel interpreted the phrase "use of a motor vehicle as a motor vehicle" too narrowly. *Id.*, p 228. The Court stated:

> Second, and more importantly, we believe that the Court of Appeals in *Johnston* interpreted the statutory phrase "use of a motor vehicle as a motor vehicle" contained in § 3105 too narrowly. The no-fault act is remedial in nature, as evidenced by the fact that the act "was offered as an innovative social and legal response to the long payment delays, inequitable payment structure, and high legal costs inherent in the tort (or 'fault')

liability system." The no-fault act was designed "to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses." In exchange for a more certain recovery under the no-fault act, an injured person's right to recover damages from a negligent owner or operator of a motor vehicle in a tort action is limited. This remedial nature of the no-fault act would be advanced by broadly construing its provisions to effectuate coverage.

Applying a broad remedial interpretation to the phrase "use of a motor vehicle as a motor vehicle," it becomes clear that it is not limited to normal vehicular movement on a highway. Motor vehicles are designed and used for many different purposes. The truck involved in this case is a cement truck capable of pouring cement at elevated levels. Certainly one of the intended uses of this motor vehicle (a motor vehicle under the no-fault act) is to pump cement. The accident occurred while this vehicle was being used for its intended purpose. We, hold that the phrase "use of a motor vehicle as a motor vehicle" includes this use. [*Id.*, pp 228-229.]

Thus, the Court stated that a vehicle does not have to be traveling at the time of the accident for personal protection no-fault benefits to be payable pursuant to § 3105(1). As long as the vehicle is being used for one of its intended purposes, the statutory requirement is met.

Applying *Bialochowski* to the instant case, we now believe that plaintiff's injury did arise out of the use of the crane as a motor vehicle. Just before plaintiff's injury, the crane had finished its "pick." The outriggers were withdrawn, the boom locked in place, and the crane was driven one hundred yards across a road to ready the crane for highway travel. The only other step necessary before the crane was ready for highway travel was removal of the counterweights. It was during removal of

the counterweights that plaintiff was injured. We believe that, because the crane had been driven one hundred yards and was about to be driven on the highway, the injury arose out of the use of the crane as a motor vehicle. The crane was not in an immobile state performing a "pick," as in *Johnston*. Rather, the crane had been traveling and was stopped only to remove the counterweights. Thus, the injury arose out of the "use of a motor vehicle as a motor vehicle."

Since we now affirm the decision of the trial court, we must address defendant's second issue. Defendant claims that, pursuant to MCL 500.3109(1); MSA 24.13109(1), it is entitled to set off all payments for medical expenses which Transamerica Insurance Company, plaintiff's employer's workers' compensation carrier, would have made absent the redemption agreement.

MCL 500.3109(1); MSA 24.13109(1) states:

> Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury.

After his accident, plaintiff was paid $22,000 in workers' compensation benefits by Transamerica. In his claim against defendant for no-fault benefits, plaintiff sought $12,452.27 in work loss and $2,923 for chiropractic treatment received. On July 8, 1983, plaintiff redeemed further workers' compensation payments for $8,000. In exchange, Transamerica agreed to waive its lien on any recovery made by plaintiff in plaintiff's action against Ford Motor Company, Manitowoc Company and Gale Electric Company.

There has previously been a conflict in this

Court as to whether, when a plaintiff redeems his workers' compensation claim, a no-fault insurer may set off only the actual redemption amount or may set off the total amount which would have been paid by the workers' compensation insurer absent the redemption. Cf. *Thacker v DAIIE,* 114 Mich App 374; 319 NW2d 349 (1982), lv den 419 Mich 875 (1984), *James v Allstate Ins Co,* 137 Mich App 222; 358 NW2d 1 (1984), lv den 419 Mich App 946 (1984), and *Deppmeier v Associated Truck Lines, Inc,* 143 Mich App 244; 372 NW2d 521 (1984) (no-fault insurer not limited to amount of redemption, but entitled to set off the entire amount the workers' compensation insurer would have paid), with *Gregory v Transamerica Ins Co,* 139 Mich 327; 362 NW2d 268 (1984), rev'd 425 Mich 625 (1986), and *Divito v Transamerica Corp of America,* 141 Mich App 29; 366 NW2d 231 (1985), vacated 426 Mich 868 (1986) (setoff limited to amount of redemption agreement). The Michigan Supreme Court has recently resolved this conflict in *Gregory v Transamerica Ins Co,* 425 Mich 625; 391 NW2d 312 (1986), by holding that setoff is allowed for the amount the workers' compensation carrier would have paid absent the redemption. The Court relied partially on *Moore v Travelers Ins Co,* 475 F Supp 891 (ED Mich, 1979), which had also taken that position. *Moore* also made it clear that workers' compensation payments should only be offset to the extent that they are duplicative of the no-fault benefits sought. Thus, in *Moore,* the court held that no offset against the plaintiff's claimed wage loss could be made for any medical payment made by the employer's insurance company, and that, in regard to wage loss, the benefits, to be duplicative, must be for the same time period. *Moore, supra,* p 894.

In the instant case, defendant requests only that the trial court's award of duplicative medical benefits be reversed. Apparently, defendant is requesting us only to reverse the trial court's award of $2,923 for chiropractic treatment. Defendant does not contest the trial court's award of $12,452.27 in work loss. We agree that, under *Gregory,* defendant is entitled to set off the $2,923 if this is a payment that would have been made by Transamerica absent the redemption agreement. Since we are unable to determine from the record whether Transamerica would have had to make the payment, we remand this case to the trial court for an evidentiary hearing on this point. If the court finds that Transamerica would have had to make this payment, and that, thus, the award is duplicative, defendant shall not be liable for it. If the court finds that Transamerica would not have had to make the payment, defendant shall be liable for it.

The earlier decision of the Court of Appeals is reversed and the matter is remanded for further proceedings. We do not retain jurisdiction.