DEPPMEIER v ASSOCIATED TRUCK LINES, INC

Docket No. 74865. Submitted June 5, 1984, at Grand Rapids.—Decided December 12, 1984.

Plaintiff, Henry Deppmeier, an Illinois resident, was injured while driving a truck for the defendant-employer, Associated Truck Lines, Inc. As a result of the injury, plaintiff missed 68.3 weeks of work. For some unknown reason, plaintiff received temporary total-disability benefits for only 54.5 weeks at the rate of $295.73 per week. Such benefits were intended to compensate for work loss. Plaintiff and defendant thereafter agreed to a settlement of $25,750, a part of which was intended to compensate for permanent partial disability, which under the Illinois workers' compensation act is intended to compensate for permanent damage to the plaintiff's body, not for work loss. Plaintiff then brought an action in the Kent Circuit Court seeking no-fault insurance benefits. Defendant responded with a motion for summary judgment claiming that a complete setoff was available because of the amounts which the plaintiff had already received. The trial court, George R. Cook, J., granted an order of summary judgment. Plaintiff appeals from that order. *Held:*

1. The benefits which plaintiff received for temporary total disability under the Illinois workers' compensation act were intended to compensate for work loss and were intended to serve the same purpose as no-fault benefits. Those benefits were available for a setoff.

2. At least part of the settlement figure was intended to compensate for permanent partial disability, not for work loss, and was not available as a setoff.

3. Defendant is entitled to a setoff for the amount of workers' compensation benefits plaintiff was entitled to receive, even if he did not in fact receive the benefits because of the settlement.

4. The case is remanded to the trial court for a determination

References for Points in Headnotes

[1, 2] 7 Am Jur 2d, Automobile Insurance § 340 *et seq.*

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

as to the reason for the 13.8 week cessation of benefit payments. If no legitimate basis existed for the cut-off and plaintiff was actually entitled to benefits under the Illinois workers' compensation law, then defendant will be entitled to a setoff for the full 68.3 weeks of compensation benefits which plaintiff had a right to insist upon due to his inability to return to work.

Reversed and remanded.

1. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — SETOFF.

The no-fault insurance act provides that benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury; any workers' compensation benefits which are intended to serve the same purpose as no-fault benefits (i.e., to compensate for work loss) are thus available for a setoff (MCL 500.3109[1]; MSA 24.13109[1]).

2. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — SETOFF.

A no-fault insurer is entitled to a setoff from the personal protection insurance benefits otherwise payable to a plaintiff who was injured in an automobile accident during the course of his employment for the workers' compensation benefits which the plaintiff had a legal right to insist upon and receive had he taken such benefits for the entire time he was entitled to them (MCL 500.3109[1]; MSA 24.13109[1]).

*Marshall Lasser,* for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather),* for defendant.

Before: J. H. GILLIS, P.J., and M. J. KELLY and C. H. MULLEN,* JJ.

PER CURIAM. Plaintiff appeals as of right from a grant of summary judgment, GCR 1963, 117.2(3), in the defendant's favor.

Plaintiff, an Illinois resident, was injured on October 22, 1980, while driving a truck for the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant-employer. He was off work from October 22, 1980, until December 22, 1981, and again from May 8, 1982, until June 27, 1982, a total of 68.3 weeks. Plaintiff has worked without interruption from June 27, 1982. Plaintiff received benefits pursuant to the workers' compensation laws of the State of Illinois at a rate of $295.73 for all the periods he was off work, except from March 31, 1981, through May 15, 1981, and again from May 8, 1982, until June 27, 1982. Thus, he received benefits for a total of 54.5 weeks. The reason for this 13.8 week period without benefits is unknown.

Plaintiff then sued for no-fault benefits, to which defendant, a self-insurer, responded with a motion for summary judgment pursuant to GCR 1963, 117.2(3). Defendant argued that plaintiff had received a total of $34,630 in workers' compensation benefits which could be used as a setoff against the no-fault benefits to which plaintiff was entitled, citing MCL 500.3109(1); MSA 24.13109(1). Defendant argued that, since plaintiff was entitled to a maximum recovery of $29,847.10 under the no-fault act, a complete setoff was available. The trial judge agreed and thus granted defendant's motion.

MCL 500.3109(1); MSA 24.13109(1) provides as follows:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

Under this section, any workers' compensation benefits which were intended to serve the same purpose as no-fault benefits are available for setoff. *Jarosz v Detroit Automobile Inter-Ins Exchange,* 418 Mich 565, 577; 345 NW2d 563 (1984). Those benefits which plaintiff received pursuant to

§ 138.8(b) of the Illinois workers' compensation act, *i.e.,* temporary total disability benefits, were intended to compensate for work loss and thus were available for a setoff.

However, the trial judge also allowed defendant a setoff for the amount plaintiff received under the terms of a $25,750 settlement. This was incorrect for two reasons. According to the terms of the settlement, at least some part of the $25,750 was intended to compensate for permanent partial disability, which under the Illinois act is intended to compensate for permanent damage to the plaintiff's body, not for work loss. Thus, at least a portion of the settlement figure was plainly not available as a setoff.

Furthermore, pursuant to *Thacker v Detroit Automobile Inter-Ins Exchange,* 114 Mich App 374; 319 NW2d 349 (1982), the amount plaintiff received under the terms of his settlement is entirely irrelevant. The plain language of § 3109(1) provides that the no-fault insurer is entitled to set off the workers' compensation benefits which are "provided or *required to be provided* under the laws of any state or the federal government * * *". (Emphasis added.) As interpreted by *Thacker,* this phrase refers to the sum which plaintiff had a legal right to insist upon and receive, had he taken the benefits for the entire time he was entitled to them, rather than trading away those rights for a lump-sum payment. *Thacker, supra,* p 378. See also *James v Allstate Ins Co,* 137 Mich App 222; 358 NW2d 1 (1984).

In applying this principle to the case before us, determining the amount which defendant is entitled to set off is simplified due to the fact that plaintiff has returned to work without interruption after missing 68.3 weeks. However, the case is complicated by the fact that, for an unknown

reason, plaintiff received temporary total disability benefits for only 54.5 weeks. Pursuant to § 3109(1), defendant is entitled to a setoff for the amount plaintiff was entitled to receive, even if he did not in fact receive the benefits in question. Thus, we must remand this case to the trial court for a determination as to the reason for the 13.8 week cessation of benefit payments. If no legitimate basis existed for the cut-off and plaintiff was actually entitled to benefits under the Illinois workers' compensation law, then defendant will be entitled to a setoff for the full 68.3 weeks of compensation benefits which plaintiff had a right to insist upon due to his inability to return to work.

After determining the number of weeks for which plaintiff was entitled to receive temporary total disability benefits, the trial court shall multiply that figure by the amount plaintiff was entitled to receive in benefits, *i.e.,* $295.73. Defendant shall be entitled to utilize the sum of this computation as a setoff against its liability under the Michigan no-fault act.

Reversed and remanded. We do not retain jurisdiction.