ALLSTATE INSURANCE COMPANY v SENTRY INSURANCE
COMPANY OF MICHIGAN

Docket No. 100484. Submitted August 10, 1988, at Detroit. Decided
February 22, 1989.

Allstate Insurance Company was the no-fault insurer of David
McNeilly, Jr., who was killed in an automobile accident while
travelling to a work-related function. Allstate paid survivor's
loss benefits to McNeilly's widow, who also made a claim for
workers' compensation benefits from Sentry Insurance Com-
pany of Michigan, decedent's employer's workers' compensation
carrier. Allstate informed Sentry that it was claiming a lien on
any benefits due McNeilly's survivors. McNeilly's widow settled
her claim with Sentry and Allstate brought an action in the
Oakland Circuit Court against Sentry, alleging a statutory lien
and breach of a promise to Allstate to protect its interests. The
court, Robert L. Templin, J., granted summary disposition to
plaintiff. Defendant appealed.

The Court of Appeals *held:*

1. The no-fault act does not create a statutory lien in favor of
a no-fault carrier against benefits to be paid an insured by a
workers' compensation carrier.

2. There were issues of fact as to whether defendant had a
contract with plaintiff, whether defendant breached the con-
tract and damages and, thus, summary disposition was im-
proper.

Reversed and remanded.

INSURANCE — NO-FAULT — LIENS — WORKERS' COMPENSATION BENE-
FITS.

The no-fault act does not create a statutory lien in favor of a no-
fault carrier against benefits to be paid an insured by a work-
ers' compensation carrier (MCL 500.3109[1]; MSA 24.13109[1]).

REFERENCES

Am Jur 2d, Automobile Insurance § 368.

Validity and construction of no-fault insurance plans providing for
reduction of benefits otherwise payable by amounts receivable
from independent collateral sources. 10 ALR4th 996.

*Plunkett & Cooney, P.C.* (by *Deanna E. Hazen*), for plaintiff.

*MacArthur, Cheatham, Acker & Smith, P.C.* (by *Richard L. MacArthur*), for defendant.

Before: Sullivan, P.J., and Hood and J. B. Bruff,* JJ.

Per Curiam. Defendant appeals as of right from an April 20, 1987, order granting summary disposition to plaintiff. We reverse and remand for trial.

On October 20, 1984, David McNeilly, Jr., was fatally injured in an automobile accident while traveling to a work-related function. Upon receiving notice of the accident, plaintiff, the no-fault insurance carrier, began paying survivor's loss benefits to McNeilly's widow pursuant to MCL 500.3108; MSA 24.13108.

McNeilly's widow filed a petition with the Bureau of Workers' Disability Compensation, seeking benefits from defendant, who provided a workers' compensation policy for McNeilly's employer. Defendant contested liability.

Plaintiff alleged it learned of the pendency of the workers' compensation claim when it received a telephone call from an investigator hired to investigate the claim. On approximately May 16, 1985, Kathy LeFevre, a claims representative for plaintiff, wrote a letter notifying defendant of Allstate's "lien" against any settlement made by defendant to the estate of David McNeilly as a result of the workers' compensation claim. LeFevre testified at her deposition that on September 17, 1985, she telephoned Sharon Beurkens, the adjuster assigned to defendant's claim file, to inquire whether defendant had received the letter.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

According to LeFevre, Beurkens acknowledged receipt of the letter and indicated that defendant would protect plaintiff's interest. In a letter to LeFevre dated September 20, 1985, Beurkens confirmed receipt of the letter and advised that "Sentry Insurance will protect the lien you have put against any settlement made under [McNeilly's] Workers' Compensation file."

On December 5, 1985, defendant redeemed the workers' compensation claim in the amount of $60,000. On March 14, 1986, plaintiff learned of the redemption. Plaintiff contacted defendant to remind defendant of its "lien," but defendant refused to reimburse plaintiff.

On September 15, 1986, plaintiff filed suit seeking reimbursement of survivor's loss benefits paid from October 20, 1984, to February 28, 1986. Plaintiff alleged a statutory lien on workers' compensation benefits paid by defendant or, alternatively, a binding agreement with defendant that defendant would protect plaintiff's "lien." In its April 20, 1987, order awarding summary disposition to plaintiff, the circuit court found that MCL 500.3109; MSA 24.13109 created a lien in favor of plaintiff on the workers' compensation benefits.

MCL 500.3109(1); MSA 24.13109(1) provides:

> Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury.

The purpose of § 3109(1) is to reduce the basic cost of insurance by requiring a setoff of those government benefits that duplicate no-fault benefits and coordinating those benefits a victim may receive. *Sibley v DAIIE,* 431 Mich 164, 168; 427 NW2d 528

(1988). "Benefits provided or required to be provided" under § 3109(1) include workers' compensation benefits. *Mathis v Interstate Motor Freight System,* 408 Mich 164, 187; 289 NW2d 708 (1980).

Neither party contests plaintiff's entitlement to a setoff pursuant to § 3109. Rather, the parties dispute the method by which plaintiff may protect its right to setoff. Setoff under § 3109(1) cannot occur until a final determination is made as to the claimant's entitlement to workers' compensation benefits. *Joiner v Michigan Mutual Ins Co,* 161 Mich App 285, 293-294; 409 NW2d 808 (1987). On the other hand, no-fault payments become due as the loss accrues, and are overdue if not paid within thirty days after the insurer receives proof of the loss. MCL 500.3142; MSA 24.13142. The no-fault insurer who delays payment in anticipation of reimbursement risks liability for penalty interest. *Joiner, supra,* p 294; *Cannell v Riverside Ins Co,* 147 Mich App 699, 706; 383 NW2d 89 (1985). Therefore, plaintiff argues, it should be able to preserve its right to setoff in the manner it followed here, i.e., by written notification to the workers' compensation insurer.

Plaintiff's proposed construction of § 3109 is undermined by the language of the statutory provision. The statute does not specifically create a lien in favor of the no-fault carrier but, instead, simply provides the no-fault carrier the right to subtract other payments from its own payments. Where the Legislature has otherwise intended to create a lien, it has used express language to do so. MCL 418.821(1); MSA 17.237(821)(1) provides for a lien upon an employer's property for workers' compensation liability in the case of the insolvency of the employer. The Legislature is presumed to be familiar with principles of statutory construction and to legislate in harmony with existing law. *Broadwell*

*v Secretary of State,* 158 Mich App 681, 686; 405 NW2d 120 (1987); *Hasty v Broughton,* 133 Mich App 107, 113; 348 NW2d 299 (1984). The language of § 3109 fails to evince legislative intent to create a lien in favor of the no-fault carrier.

Furthermore, to hold that § 3109(1) creates an automatically perfected statutory lien would subject the workers' compensation carrier to responsibility for protecting the no-fault carrier's right to recovery, with consequent liability to the no-fault carrier, notwithstanding the compensation carrier's unawareness that no-fault payments were being made. We think the more logical and reasonable procedure for protecting the no-fault carrier's setoff rights is for the no-fault carrier to ascertain whether a workers' compensation claim has been or will be filed, and then to seek intervention in the workers' compensation proceeding. See *Russell v Welcor, Inc,* 157 Mich App 351, 354-356; 403 NW2d 133 (1987), lv den 429 Mich 860 (1987), where this Court upheld the no-fault carrier's right to intervene in the workers' compensation proceeding. Intervention by the no-fault carrier is authorized by § 847 of the Workers' Disability Compensation Act, MCL 418.847; MSA 17.237(847). It encourages swift payment of no-fault benefits (one purpose of the no-fault act) and protects the no-fault carrier's financial interest in the workers' compensation award. *Russell, supra,* pp 355-356.

Accordingly, we find no statutory lien arose in favor of plaintiff under § 3109(1) through payment of survivor loss benefits to McNeilly's widow.

Plaintiff alternatively argues that it was entitled to summary disposition under MCR 2.116(C)(10) because no genuine issue of material fact existed regarding the formation of an agreement between the parties that defendant would protect plaintiff's setoff rights and that defendant breached that

agreement, resulting in damage to plaintiff. While the circuit court did not specifically rule on this issue, our review of the record, contrary to plaintiff's contention, reveals disputed issues of material fact precluding summary disposition.

While plaintiff offers in support of its position the correspondence between Beurkens and Le-Fevre, and LeFevre's deposition testimony, defendant counters with Beurkens' testimony that she assumed plaintiff's letter referred to the payment of health claim benefits as opposed to no-fault benefits.[1] Defendant argues that the parties never agreed to the essential terms necessary to create a binding contract. Because disputed issues of fact exist regarding the formation of an agreement between the parties, defendant's breach, and damages, we remand this case for trial on plaintiff's claim that it is entitled to damages sustained due to defendant's breach of an agreement to protect plaintiff's right to reimbursement for survivor loss benefits paid to McNeilly's widow.

Reversed and remanded for trial.

[1] MCL 418.821(2); MSA 17.237(821)(2) exempts health insurance carriers from the general prohibition against assignment of workers' compensation benefits.