KIRKSEY v THE MANITOBA PUBLIC INSURANCE
CORPORATION

Docket No. 117428. Submitted November 20, 1990, at Detroit. Decided
  August 20, 1991, at 9:30 A.M. Leave to appeal sought.

  Arnold G. Kirksey brought an action in the 36th District Court,
  Thomas A. Van Tiem, Sr., J., against The Manitoba Public
  Insurance Corporation, seeking additional no-fault benefits for
  work loss resulting from an injury while employed by Motor-
  ways Direct, the defendant's insured. The plaintiff had been
  paid work-loss benefits computed on the basis of his income
  during the thirty-day period immediately preceding the injury.
  A jury returned a verdict in favor of the plaintiff and awarded
  work-loss benefits computed on the basis of income he would
  have earned from a different employer had he not been injured.
  The Wayne Circuit Court, Claudia H. Morcom, J., reversed on
  appeal. The plaintiff appealed by leave granted.

  The Court of Appeals *held:*

  MCL 500.3107(b); MSA 24.13107(b) provides that no-fault
  personal protection insurance benefits are payable for work loss
  consisting of loss of income from work an injured person would
  have performed during the first three years after the date of an
  accident but for the injury. If it can be shown that the injured
  person would have changed jobs and earned a higher income
  absent the injury, that person is entitled to work-loss benefits
  calculated on the basis of the higher income.

  Reversed.

*Michael A. Bell,* for the plaintiff.

*Schloss & Geen* (by *Lawrence J. Schloss*), for the
defendant.

Before: MARILYN KELLY, P.J., and HOLBROOK,
JR., and SULLIVAN, JJ.

MARILYN KELLY, P.J. A district court jury
awarded plaintiff, Arnold Kirksey, no-fault work-

loss benefits for a disabling injury he suffered when he fell from a truck. On appeal, the circuit court reversed. We reverse the circuit court decision and reinstate the jury verdict.

The two critical issues in this case involve § 3107(b) of the no-fault act, MCL 500.3107(b); MSA 24.13107(b). We are asked to determine whether a person is entitled to increased wage-loss benefits under § 3107(b) upon a showing that, had he not been injured, his income would have increased. If so, we consider whether plaintiff presented sufficient evidence from which a reasonable juror could conclude that his income would have increased.

From 1977 to 1986, plaintiff drove a truck for Motorways Direct, an insured of defendant, the Manitoba Public Insurance Corporation. In 1985, due to a downturn in business, Motorways was forced to reduce the number of hours that its employees worked.

Motorways laid off plaintiff from January 16, 1986, until June 22, 1986. In an attempt to maintain full-time employment, plaintiff drove for another trucking company, run by Marion White, from May 15, 1986, to June 20, 1986. White was pleased with plaintiff's job performance. In fact, when Motorways recalled plaintiff, White let plaintiff know that he could return to employment with him at any time. White also testified that he had ample work for plaintiff and that plaintiff could have driven trucks continuously for him.

Plaintiff left White when Motorways recalled him, because he believed that he would return to full-time work at Motorways, and because he would receive fringe benefits there. If his expectations were not met, however, he knew he could return to White.

At Motorways, plaintiff's hours were sporadic for

nine weeks. He worked only eight hours during two weeks and was laid off for two weeks. While at work on August 26, 1986, he fell from a truck, severely injuring his back. Defendant insured the truck.

Defendant paid plaintiff work-loss benefits based solely on the amount that plaintiff earned in his last thirty days with Motorways. Plaintiff filed this suit, insisting that under the no-fault act, he was entitled to benefits based on his income when he was working with White.

Following trial, the jury returned a verdict in favor of plaintiff, which was revised to total $13,632. Defendant appealed, and the circuit court reversed. The court framed the issue on appeal as "whether plaintiff was temporarily unemployed at the time of the accident" as defined in § 3107a of the no-fault act. MCL 500.3107a; MSA 24.13107(1). The court reasoned that plaintiff was employed with Motorways at the time of the accident and that he voluntarily terminated his employment with White. Therefore, he could not be considered "temporarily unemployed" within the meaning of § 3107a. It found the determination of benefits to be inconsistent with § 3107a.

The two work-loss provisions of the no-fault act pertinent to this case are §§ 3107(b) and 3107a. They provide in part:

> Personal protection insurance benefits are payable for the following:
>
> *    *    *
>
> Work loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he had not been injured. [MCL 500.3107(b); MSA 24.13107(b).]

Subject to the provisions of section 3107(b), work loss for an injured person who is temporarily unemployed at the time of the accident or during the period of disability shall be based on earned income for the last month employed full time preceding the accident. [MCL 500.3107a; MSA 24.13107(1).]

The circuit court in this case erred in focusing entirely on whether plaintiff was temporarily unemployed under § 3107a. The instructions given to the jury in district court, as well as the parties' arguments to the jury, tracked the language of § 3107(b), not § 3107a. Accordingly § 3107(b) governs this appeal.

At trial, plaintiff's attorney argued to the jury that plaintiff would have returned to work with White had he not been injured. As a result, the money plaintiff made in his last thirty days with White should be the basis of the no-fault work-loss calculations, not his last thirty days with Motorways. Defense counsel urged the jury to reject plaintiff's theory.

The trial court instructed the jury that in order for the plaintiff to recover no-fault benefits, he must prove lost wages due to his injury. The lost wages must consist of lost "income from work the plaintiff would have performed during the first three years after the accident had he not been injured." The judge provided the jury with a special verdict form so that, in the event it returned a verdict for plaintiff, it could adjust the final award in accordance with § 3107(b).

The judge gave no instruction on the provision of the no-fault act that addresses temporarily unemployed workers. MCL 500.3107a; MSA 24.13107(1). Counsel for both parties expressed satisfaction with the instructions as given.

The question of whether plaintiff was temporar-

ily unemployed under § 3107a was raised in a motion for directed verdict. However, it was never presented to the jury, and it had no bearing on the verdict. Therefore, it is unnecessary for us to determine whether a person working less than forty hours per week when injured may be considered temporarily unemployed under § 3107a.

We turn now to § 3107(b). Legislative intent controls statutory construction, and in ascertaining such intent, the Legislature must be presumed to have intended the meaning of the language chosen. When it is clear and unambiguous, no further interpretation is necessary. *Gobler v Auto-Owners Ins Co,* 428 Mich 51, 62; 404 NW2d 199 (1987). If there is any ambiguity in the no-fault act, it must be liberally construed in favor of the persons intended to benefit from it. *Id.,* 61.

The clear language of § 3107(b) indicates that an injured person is entitled to the loss of income from the work he would have performed had he not been injured. Nothing in the provision states that the income must be calculated based on the person's earnings at the time the injury occurred. If the injured person is able to show convincingly that he would have changed jobs and earned a higher income, then he should be entitled to increased work-loss benefits. See *MacDonald v State Farm Mutual Ins Co,* 419 Mich 146, 151; 350 NW2d 233 (1984); *Lewis v DAIIE,* 90 Mich App 251, 255-256; 282 NW2d 794 (1979); *Gobler, supra,* 63.

In addition, we have reviewed the record with respect to the evidence of plaintiff's future earnings. We find that the jury could have reasonably concluded that, if plaintiff had not been injured, he would have returned to work with White and earned a higher income. Had plaintiff's only evidence of an increased future income been a bare

assertion that he would have returned to White, perhaps we would agree that the jury's verdict was unwarranted. *Clute v General Accident Assurance Co of Canada,* 179 Mich App 527, 537; 446 NW2d 839 (1989).

However, plaintiff's claim was corroborated by White who stated that plaintiff could have returned to work with him and would have been employed steadily for at least three years. Accordingly, the jury verdict was supported by the evidence and must be upheld. See *Cole v DAIIE,* 137 Mich App 603, 609-610; 357 NW2d 898 (1984); *Szabo v DAIIE,* 136 Mich App 9; 355 NW2d 619 (1983).

Defendant suggests that plaintiff was not entitled to work-loss benefits, because plaintiff was an independent contractor for White, not an employee. However, work loss includes not only lost wages, but also lost profit which is attributable to personal effort and self-employment. *Moghis v Citizens Ins Co of America,* 187 Mich App 245; 466 NW2d 290 (1990).

The circuit court decision is reversed and the jury verdict reinstated.