POPMA v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 136525. Submitted November 10, 1992, at Grand Rapids. Decided May 18, 1993, at 9:10 A.M. Leave to appeal sought.

Edward Popma, Jr., brought an action in the Kent Circuit Court against the Auto Club Insurance Association, seeking no-fault work-loss benefits in addition to those already voluntarily paid by the defendant. The defendant had based the amount of its voluntary payments on the plaintiff's income from the part-time employment he held at the time of the injury. The plaintiff claimed that his work-loss benefits should be based on his income at his last full-time employment, which he had left three months before the accident. The court, Robert A. Benson, J., granted summary disposition for the plaintiff, holding that work-loss benefits under these circumstances were payable pursuant to § 3107a of the no-fault act, MCL 500.3107a; MSA 24.13107(1), which provides that the work-loss benefits of a temporarily unemployed claimant shall be based on the income earned in the last month of full-time employment, and ordering the defendant to pay the plaintiff an additional $25,700.70 in work-loss benefits. The court, however, did permit the defendant to set off against its work-loss liability the social security disability benefits payable as a result of the injury incurred in the automobile accident, including the amount paid directly to the plaintiff's attorney as compensation for services rendered in securing the social security benefits. The defendant appealed, and the plaintiff cross appealed.

The Court of Appeals *held:*

1. Section 3107a clearly is applicable only to persons who are temporarily unemployed at the time of an accident or injury that results in wage loss and does not apply to persons, such as the plaintiff, who have part-time employment at the time the injury occurs. A person having any gainful employment is an employed person for the purpose of the work-loss provision of

REFERENCES

Am Jur 2d, Automobile Insurance §§ 361, 368.

Validity and construction of no-fault insurance plans providing for reduction of benefits otherwise payable by amounts receivable from independent collateral sources. 10 ALR4th 996.

the no-fault act and, thus, is subject to the wage-loss payment provisions of § 3107(1)(b), MCL 500.3107(1)(b); MSA 24.13107(1) (b). Accordingly, the trial court erred in calculating the plaintiff's work-loss benefits pursuant to § 3107a. The order awarding work-loss benefits is reversed.

2. The court properly allowed the defendant to set off against its work-loss liability the entire amount of social security benefits to which the plaintiff was entitled, including the amount paid directly to his attorney for services rendered in securing those benefits. Such a setoff is expressly authorized by the no-fault act and is consistent with the act's intent to reduce basic insurance costs.

Affirmed in part and reversed in part.

CONNOR, J., concurring, stated that while it was error to determine work-loss benefits pursuant to § 3107a under these circumstances, the proper measure of work-loss benefits pursuant to § 3107(1)(b) is the loss of earnings of the injured person for the three-year period following the accident, which is not necessarily determined by the injured person's earnings at the time of the accident and injury. Accordingly, the matter should be remanded to the trial court to permit the plaintiff the opportunity to present proofs concerning his anticipated earnings for that period.

1. INSURANCE — NO-FAULT — WORK-LOSS BENEFITS — PART-TIME EMPLOYMENT.

A person employed part-time at the time of an automobile accident out of which an injury arose is an employed person for the purpose of determining no-fault work-loss benefits; the provision of the no-fault act regarding work-loss benefits of temporarily unemployed persons is not applicable to a person who has any gainful employment at the time of the accident or injury (MCL 500.3107[1][b], 500.3107a; MSA 24.13107[1][b], 24.13107[1]).

2. INSURANCE — NO-FAULT — WORK-LOSS BENEFITS — SOCIAL SECURITY DISABILITY BENEFITS — ATTORNEY FEES.

An insurer is entitled to set off against its no-fault work-loss liability the amount of social security disability benefits payable to an insured as the result of the injury that resulted in the work-loss liability, including any amount paid directly to the insured's attorney by the Social Security Administration as payment for services rendered by the attorney in securing the social security benefits (MCL 500.3109[1]; MSA 24.13109[1]).

*Williams, Klukowski, Fotieo & Szczytko* (by *Michael P. Szczytko*), for the plaintiff.

*Nancy L. Bosh,* for the defendant.

Before: MACKENZIE, P.J., and GRIFFIN and CONNOR, JJ.

PER CURIAM. Defendant appeals as of right from an order granting summary disposition in favor of plaintiff and ordering defendant to pay plaintiff $25,700.70 in work-loss benefits. Plaintiff cross appeals that part of the order entitling defendant to a setoff for social security benefits received by plaintiff. We affirm in part and reverse in part.

The facts are substantially undisputed. Plaintiff suffered a fracture of the right femur in a one-car accident that occurred on September 23, 1988. He was disabled from working following the accident. Defendant is plaintiff's no-fault insurer. At issue is the amount of work-loss benefits to which plaintiff is entitled.

Plaintiff's work history is as follows. Plaintiff worked sporadically in Grand Rapids, the State of Texas, and Gaylord after he left high school in his junior year. After being unemployed for two years, he went to Georgia, where he spent 2½ years working in the construction industry. Upon his return to Michigan in January 1987, plaintiff went to Traverse City, where he worked eleven days in an oil field. Plaintiff hung drywall for a brief period, then in June 1987 returned to Grand Rapids, where he worked for Manpower until March 1988. Plaintiff also worked at Norm's Restaurant from September 1987 until February 1988. He then obtained a job doing general maintenance, which he held from February until March 1988.

When he quit his Manpower and maintenance jobs, plaintiff entered an apprenticeship program working for Newkirk Electric, but was laid off after one week. Plaintiff next worked as an ap-

prentice substation electrician for Hydaker-Wheat-lake Company in Traverse City from April 18, 1988, until June 2, 1988. Plaintiff was paid $10.47 an hour at this job, but was terminated for inability to work above the ground. Plaintiff remained in Traverse City for a few weeks hanging drywall, then quit and returned to Grand Rapids. He received unemployment benefits and also returned to limited work. Beginning about August 18, 1988, and continuing until the date of his accident, plaintiff again worked for Manpower. He also worked at Norm's Restaurant about ten hours a week.

I

Defendant paid plaintiff work-loss benefits of $6,215, calculated at $55 a week—the amount he was earning at the time of his accident—for 113 weeks. Plaintiff claimed, and the trial court agreed, that his work-loss benefits should have been computed on the basis of his wages at his last full-time employment before the accident, the job at Hydaker-Wheatlake.

MCL 500.3107(1)(b); MSA 24.13107(1)(b) provides for the payment of personal protection insurance benefits for

[w]ork loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he or she had not been injured . . . .

The trial court's award of benefits was based on MCL 500.3107a; MSA 24.13107(1), which provides:

Subject to the provisions of [MCL 500.3107(1)(b); MSA 24.13107(1)(b)], work loss for an injured person who is *temporarily unemployed* at the time of

the accident or during the period of disability shall be based on earned income for the last month employed full time preceding the accident. [Emphasis added.]

We agree with defendant that the trial court erred in awarding benefits to plaintiff on the basis of the latter statute, § 3107a. It is clear from a reading of the two statutes that the Legislature has seen fit to authorize work-loss benefits for persons whose work status falls within one of only two categories—employed or temporarily unemployed. Irrespective of the nature of the work being performed, an underemployed person is, by definition, employed. Plaintiff, as an employee of both Manpower and Norm's Restaurant, was employed at the time of the accident. He was therefore entitled to benefits as set forth in § 3107(1)(b) and not § 3107a.

This conclusion is consistent with the purpose of § 3107a. In enacting § 3107a, the Legislature intended to protect persons whose regular employment has been temporarily suspended as a result of its seasonal nature or because of a temporary layoff. See *MacDonald v State Farm Mutual Ins Co,* 419 Mich 146; 350 NW2d 233 (1984). As his work history demonstrates, plaintiff simply does not fit that classification. Accordingly, we reverse the trial court's order awarding work-loss benefits under § 3107a.

II

After his accident, plaintiff hired an attorney to secure social security disability benefits for him. These benefits were paid, and the attorney fee was sent directly to plaintiff's attorney by the Social Security Administration.

After ruling on the amount of no-fault work-loss benefits payable to plaintiff, the trial court held that defendant was entitled to a setoff equal to the entire amount of social security disability benefits paid to plaintiff, including the amount paid to plaintiff's attorney as compensation for securing the social security benefits. In his cross appeal, plaintiff contends that this was error. We disagree.

Neither the fact that plaintiff's attorney received his fee directly from the Social Security Administration nor the fact that this money never actually passed through plaintiff's hands precludes a setoff for the entire amount of social security disability benefits to which plaintiff was entitled. See *Thompson v DAIIE,* 418 Mich 610, 617-619; 344 NW2d 764 (1984); *Perez v State Farm Mutual Automobile Ins Co,* 418 Mich 634, 645-646; 344 NW2d 773 (1984); *Gregory v Transamerica Ins Co,* 425 Mich 625, 635-636; 391 NW2d 312 (1986); *Deppmeier v Associated Truck Lines, Inc,* 143 Mich App 244, 248; 372 NW2d 521 (1984).

Plaintiff contends that he should not be forced to accept less than a full recovery of no-fault benefits. However, on several occasions our Supreme Court and this Court, in varying circumstances, have allowed the recovery of no-fault benefits to be reduced by a setoff for other benefits. See *Thompson, supra; Perez, supra; Gregory, supra; Deppmeier, supra.* We also reject plaintiff's contention that the trial court's decision to allow a setoff is contrary to the policies underlying the no-fault insurance act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* The setoff of benefits provided by the federal government is expressly authorized by MCL 500.3109(1); MSA 24.13109(1). As this Court has recognized, "[t]he purpose of § 3109(1) is to reduce the basic cost of insurance by requiring a setoff of those government benefits that duplicate

no-fault benefits and coordinating those benefits a victim may receive." *Allstate Ins Co v Sentry Ins Co of Michigan,* 175 Mich App 157, 159; 437 NW2d 338 (1989). The trial court's decision comports with this purpose.

Affirmed in part and reversed in part.

CONNOR, J. *(concurring).* I agree with my colleagues that defendant was entitled to a setoff equal to the entire amount of social security benefits paid to plaintiff, including the amount paid to plaintiff's attorney.

I also agree that "underemployed" is clearly not the same as "temporarily unemployed." The trial court's order granting plaintiff summary disposition and awarding work-loss benefits under § 3107a must be reversed. However, the majority opinion fails to address the trial court's misapprehension that plaintiff's benefits would be unfairly diminished if they were to be determined under § 3107(1)(b) merely because he was underemployed at the time of his accident.

Defendant, applying § 3107(1)(b), calculated plaintiff's work-loss benefits on the basis of the amount he was earning at the time of his accident, $55 a week. The trial court ordered that plaintiff's benefits be redetermined pursuant to § 3107a (using as the income basis his income at his last full-time employment), because the court determined that plaintiff should not be penalized for accepting part-time employment, the only available work at the time of his accident.

The appropriate no-fault work-loss benefits payable to an underemployed person is set forth in § 3107(1)(b), which provides in part:

> [P]ersonal protection insurance benefits are payable for the following:

\* \* \*

Work loss consisting of loss of income from work
an injured person would have performed during
the first 3 years after the date of the accident if he
had not been injured . . . . [MCL 500.3107(1)(b);
MSA 24.13107(1)(b).]

The amount of money an underemployed person
would earn in the three years after the date of the
accident is a question of fact. Nothing in the
provision states that the income must be calcu-
lated on the basis of the person's earnings at the
time the injury occurred. *Kirksey v Manitoba
Public Ins Corp,* 191 Mich App 12, 16; 477 NW2d
442 (1991). An underemployed person is entitled to
increased work-loss benefits if it can be demon-
strated convincingly that, but for the injury, a
higher income would have been earned during the
three years after the date of the accident.

After remand, plaintiff should be permitted to
present his proofs regarding his anticipated loss of
income from work he would have performed dur-
ing the first three years after the date of the
accident if he had not been injured.