ROSS v AUTO CLUB GROUP

Docket No. 262167. Submitted September 8, 2005, at Detroit. Decided January 3, 2006, at 9:00 a.m. Leave to appeal sought.

Randall L. Ross brought an action in the Macomb Circuit Court against Auto Club Group, seeking work-loss benefits, relating to his employment by his wholly owned corporation, under the no-fault act, MCL 500.3101 *et seq.*, and statutory penalty attorney fees because of the defendant's denial of the work-loss benefits claim. The court, Donald G. Miller, J., granted the plaintiff's motion for summary disposition and awarded him work-loss benefits and attorney fees. The defendant appealed.

The Court of Appeals *held*:

1. The circuit court correctly determined that the plaintiff was entitled to work-loss benefits and properly granted his motion for summary disposition. MCL 500.3107(1)(b) provides that work-loss benefits consist of the loss of income from work that an injured person would have performed during the first three years after the date of the accident if he or she had not been injured. The plaintiff was the sole shareholder and employee of an S corporation. The corporation paid the plaintiff wages, but showed losses for income tax purposes. Because the plaintiff received wages from the corporation, because the defendant presented no evidence to the contrary, and absent a reason to disregard the separate existence of the plaintiff's corporation, the business expenses of the corporation were irrelevant in calculating the plaintiff's wage loss, and the plaintiff must be treated as being in no different position than an employee of any other corporation operating at a loss.

2. The circuit court did not err in awarding attorney fees to the plaintiff under MCR 500.3148(1). The purpose of the attorney fee penalty provision in the no-fault act is to ensure that the insurer promptly makes payment to the insured. The insurer's refusal to pay, or delay in paying, creates a rebuttable presumption that places the burden on the insurer to justify as reasonable its refusal or delay. The plaintiff's claim complied with the requirements for work-loss benefits under the statute. The defendant, in denying the plaintiff's claim, attempted to impute the corporation's financial position to the plaintiff, despite evidence indicating that the

plaintiff received wages from the corporation, that the plaintiff and the corporation filed separate tax returns, and that plaintiff's work-loss claim was not predicated on the lost profits of the corporation.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — WORK LOSS.

The sole shareholder and employee of a corporation who is remunerated with wages that are not dependent on the profits or losses of the corporation may qualify for work-loss benefits under the no-fault act for loss of income resulting from injury in an automobile accident (MCL 500.3107[1][b]).

*Olsman, Mueller & James, P.C.* (by *Jules B. Olsman* and *Donna M. MacKenzie*), for the plaintiff.

*Schoolmaster, Hom, Killeen, Siefer, Arene & Hoehn* (by *David R. Tuffley*) (*John A. Lydick*, of counsel), for the defendant.

Before: HOEKSTRA, P.J., and GAGE and WILDER, JJ.

WILDER, J. In this action for the recovery of work-loss benefits under the no-fault act, MCL 500.3101 *et seq.*, defendant appeals as of right the order granting plaintiff's motion for summary disposition under MCR 2.116(C)(10). Defendant also appeals the award of attorney fees under MCL 500.3148(1). We affirm.

I

Plaintiff was injured in a motor vehicle accident on December 19, 2003. At the time, he was the sole shareholder of Michigan Packing Company, Inc., a meat packing business. The business was incorporated as an "S" corporation and plaintiff is the sole employee. In 2001, 2002, and 2003, the corporation paid plaintiff W-2 earnings of $16,200, $11,250, and $12,150, respectively. For each of those years, the corporation operated at a

net loss for federal tax purposes. Although its revenue exceeded its cost of goods sold (i.e., it had a gross profit),[1] its operating expenses, other expenses, and adjustments resulted in net losses of $21,828, $28,179, and $35,208, respectively.[2] After the accident, plaintiff no longer received any wages from the corporation. Defendant denied plaintiff's claim for no-fault work-loss benefits on the basis that plaintiff failed to demonstrate a loss of income because the corporation yielded no net profit.

Plaintiff brought this action and moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that he was entitled to recover loss of income from work because, although the business was operating at a net loss, he was paid wages as an employee of the corporation.[3] Plaintiff also sought attorney fees pursuant to MCL 500.3148(1).

Defendant opposed the motion on the basis that plaintiff did not sustain a loss of income and, therefore, had not supported a claim for work-loss benefits. Defendant contended that pursuant to *Adams v Auto Club Ins Ass'n,* 154 Mich App 186; 397 NW2d 262 (1986), where an individual is self-employed, "loss of income" means gross income minus business expenses. According to defendant, where the expenses of the individual's business exceed the revenue of the business (i.e., the

[1] Tax documents show the corporation's gross profits for the years 2001, 2002, 2003 were $87,675, $57,443, and $48,980, respectively.

[2] The corporation's total operating expenses, inclusive of plaintiff's wages, for the years 2001, 2002, 2003 were $76,642, $80,165, and $104,677, respectively.

[3] In this regard, plaintiff's claim was based on the amount of individual wages actually paid by the corporation as reflected in plaintiff's W-2 statements, and not on some portion of the gross profits of the corporation.

business is unprofitable), the individual should not be deemed to have suffered a loss of income from the injury.

The trial court granted plaintiff's motion, holding that the proper amount of reimbursement was plaintiff's gross earnings as wages. The trial court further awarded plaintiff attorney fees pursuant to MCL 500.3148(1), finding that defendant refused to pay the benefits with "no legitimate justification, no legal authority, no rational or logical arguments" in support of its contention that plaintiff was not entitled to benefits because his business was not profitable. Plaintiff subsequently filed a motion for entry of judgment in the amount of $20,880.59, to which defendant did not respond. The trial court, in an order dated March 7, 2005, entered judgment in favor of plaintiff for $17,664.51. The trial court denied defendant's motion for reconsideration. Defendant now appeals.

II

This Court reviews de novo a trial court's grant of summary disposition. *Tipton v William Beaumont Hosp*, 266 Mich App 27, 32; 697 NW2d 552 (2005). When reviewing a motion for summary disposition under MCR 2.116(C)(10), a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). Summary disposition is proper under MCR 2.116(C)(10) if the documentary evidence shows that there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). A genuine issue of material fact exists when the record,

giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds could differ. *Id.*

Statutory construction is a question of law that this Court also reviews de novo. *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003).

A trial court's finding that an insurer unreasonably refused to pay or delayed in paying benefits is reviewed for clear error. *Amerisure Ins Co v Auto-Owners Ins Co*, 262 Mich App 10, 24; 684 NW2d 391 (2004). Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake occurred. *Id.*

III

Defendant first contends that the trial court used an improper method for calculating work-loss benefits under MCL 500.3107(1)(b). Defendant argues that, because the business expenses of the corporation exceeded the business income of the corporation, plaintiff effectively had no net income before the accident, and that, pursuant to *Adams v Auto Club Ins Ass'n*, 154 Mich App 186, 193; 397 NW2d 262 (1986), plaintiff cannot claim a loss of income from the accident. We disagree.

Whether the sole shareholder and employee of a corporation who receives wages from the corporation may claim work-loss benefits under a policy of insurance issued to that person as an individual[4] is a question of first impression in Michigan.

---

[4] The record does not contain a copy of the insurance policy at issue. However, it appears from the record that the policy was issued to plaintiff individually, and that the policy was not issued to the corporation with plaintiff being listed in the declarations page of the policy as a named insured.

MCL 500.3107(1)(b) provides that personal protection insurance benefits are payable for "[w]ork loss consisting of loss of *income* from work an *injured person* would have *performed* during the first 3 years after the date of the accident if he or she had not been injured." (Emphasis added.) Work loss includes not only lost wages, but also lost profit that is attributable to personal effort and self-employment. *Kirksey v Manitoba Pub Ins Corp*, 191 Mich App 12, 17; 477 NW2d 442 (1991). The goal of the no-fault act is to place individuals in the same, but no better, position that they were in before their automobile accident. *Adams, supra* at 193.

In this case, there is no dispute that (1) plaintiff received *wages* as an employee of the corporation and (2) plaintiff's remuneration from the corporation was *not* determined on the basis of the annual net income of the corporation. Plaintiff did not assert a work-loss claim based on the lost profits of the corporation. See *Kirksey, supra* at 17. These facts distinguish this case from *Adams*. We reject defendant's argument that plaintiff's self-employment status dictates a calculation of the gross receipts of the corporation less the corporate expenses to determine plaintiff's net income. We emphasize that plaintiff as an individual received wages and was not remunerated on the basis of the gross receipts of the corporation. Defendant presents no evidence to justify the disregard of the long-held rule that " '[t]he corporate entity is distinct although all its stock is owned by a single individual or corporation.' " *Bourne v Muskegon Circuit Judge*, 327 Mich 175, 191; 41 NW2d 515 (1950), quoting 13 Am Jur, p 138. Moreover, "[a corporation's] separate existence will be respected, unless doing so would subvert justice or cause a result that would be contrary to some other clearly overriding public policy." *Wells v Firestone Tire &*

*Rubber Co*, 421 Mich 641, 650; 364 NW2d 670 (1984), citing *Cinderella Theatre Co, Inc v United Detroit Theatres Corp*, 367 Mich 424; 116 NW2d 825 (1962). Because plaintiff received wages from the corporation, and because defendant has presented no evidence to the contrary, the business expenses of the corporation are irrelevant in calculating plaintiff's wage loss, and plaintiff is treated as being in no different position than an employee of any other corporation operating at a loss. The trial court correctly determined that plaintiff was entitled to work-loss benefits and properly granted his motion for summary disposition.

Defendant also argues that the trial court erred by awarding attorney fees to plaintiff. We disagree. MCL 500.3148(1) provides:

> An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

The purpose behind the no-fault act's attorney-fee penalty provision is to ensure that the insurer promptly makes payment to the insured. *Beach v State Farm Mut Automobile Ins Co*, 216 Mich App 612, 629; 550 NW2d 580 (1996). The decision whether to award attorney fees should not be based on whether coverage was ultimately determined to exist, but on whether the insurer's initial refusal to pay was reasonable. *Shanafelt v Allstate Ins Co*, 217 Mich App 625, 635; 552 NW2d 671 (1996). An insurer's refusal or delay with respect to payment creates a rebuttable presumption that places the burden on the insurer to justify its refusal or delay. *Attard v Citizens Ins Co of America*, 237

Mich App 311, 317; 602 NW2d 633 (1999). "[A] delay is not unreasonable if it is based on a legitimate question of statutory construction, constitutional law, or factual uncertainty." *Id.*

In awarding attorney fees, the trial court concluded:

> In the instant case, the evidence clearly indicates that defendant company refused to pay benefits on the basis that because plaintiff was self-employed, and his business was not profitable, he is not entitled to wage loss benefits. Defendant has provided no legitimate justification, no legal authority, no rational or logical arguments in support of that argument. To find that defendant is not liable for attorney fees when it was necessary for plaintiff to litigate in order to obtain benefits to which he was entitled, would defeat the purpose of the no-fault act. It is well-settled that legislation was drafted to award attorney fees in no-fault case so that insurers promptly pay injured parties for reasonable claims. Accordingly, this Court can find no grounds on which to deny plaintiff's request.

The trial court's determination was not clearly erroneous. As we noted above, *Adams, supra* at 193, the authority on which defendant relied, did not address the circumstances presented in this case. Plaintiff's claim complied with the requirements for work-loss benefits as delineated under the plain language of the statute. Defendant attempted to impute the corporation's financial position to plaintiff because he was the only shareholder, despite the evidence presented to defendant that plaintiff received wages from the corporation, that plaintiff and the corporation filed separate tax returns, and that plaintiff's work-loss claim was not predicated on lost profits of the corporation. Because plaintiff's work-loss claim was not dependent on the net income of the corporation, and, particularly, where the record shows that the corporation was not the named

policyholder or a named party in this action, we are not left with a definite and firm conviction that a mistake was made.

Affirmed.