WARD v TITAN INSURANCE COMPANY

Docket No. 284994. Submitted November 3, 2009, at Grand Rapids. Decided March 16, 2010, at 9:10 a.m.

Timothy Ward brought an action in the Kent Circuit Court, George S. Buth, J., against Titan Insurance Company, seeking, in part, work-loss benefits, housing expenses, penalty interest, and attorney fees for injuries sustained in an automobile accident. The trial court denied the claim for work-loss benefits, penalty interest, and attorney fees and awarded plaintiff housing expenses based on the full amount of rent that he was paying at the time of the trial. Plaintiff appealed the denial of his request for work-loss benefits, penalty interest, and attorney fees and defendant cross-appealed the award of housing expenses.

The Court of Appeals *held*:

1. There were numerous factual questions regarding plaintiff's employment at the time of the accident and thus his entitlement to wage-loss benefits resulting from the accident. These factual questions were not properly resolved against plaintiff through a summary disposition order. The order granting summary disposition of the wage-loss claim in favor of defendant must be reversed and the case must be remanded for further proceedings.

2. Although MCL 500.3158(1) requires an employer of an injured person to furnish a sworn statement regarding the earnings of the injured person upon request of a personal protection insurer, the statute does not state that, if such information is not provided, the injured person completely loses the right to work-loss benefits under MCL 500.3107(1)(b).

3. The relevant statutes do not suggest that the manner for proving wage loss provided in MCL 500.3158(1) is the only manner in which a wage loss may be provided or that the right to a wage-loss claim under MCL 500.3107(1)(b) hinges on compliance with MCL 500.3158(1).

4. The wrongful conduct rule only bars a claim of a plaintiff who founded his or her cause of action on his or her own illegal conduct. The rule does not bar plaintiff's claim for work-loss benefits because

his alleged wrongful conduct, the failure to file income tax returns, is only incidentally or collaterally connected to his work-loss claim.

5. The failure to file an income tax return is not one of the reasons listed by the Legislature in MCL 500.3113 that would support denying a person personal protection insurance benefits.

6. Plaintiff's housing expenses are compensable only to the extent that the expenses became greater as a result of the accident. Plaintiff must show that his housing expenses are different from those of an uninjured person. The trial court erred in awarding plaintiff housing expenses without such a showing. The order granting the housing expenses must be reversed and the case must be remanded for further proceedings.

Reversed and remanded.

MARKEY, J., dissenting, stated that it is incumbent on claimants to prove how much they would have earned had they not been injured in the automobile accident. The fact that neither plaintiff nor his employer is able to comply with the insurer's request under MCL 500.3158(1) to show how much plaintiff would have earned, because plaintiff worked "under the table" and no records were retained, leaves plaintiff unable to prove how much he would have earned. The statute does not provide an alternative method of proving a claim for work-loss benefits. Because of his own and his employer's actions, it is impossible for plaintiff to prove his claim for work-loss benefits under MCL 500.3107(1)(b). There is no issue of material fact regarding the amount of work loss plaintiff sustained because the initial requirement of MCL 500.3158(1) to document that amount was not met. Without such documentation, plaintiff cannot prove his claim for work-loss benefits. The order granting summary disposition of the claim for work-loss benefits in favor of defendant should be affirmed.

1. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — WORK-LOSS BENEFITS.

Although MCL 500.3158(1) requires an employer of a person injured in an automobile accident to furnish a sworn statement regarding the earnings of the injured person upon request of a personal protection insurer, the statute does not state that, if such information is not provided, the injured person completely loses the right to work-loss benefits under MCL 500.3107(1)(b).

2. INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE — HOUSING EXPENSES.

Housing expenses for a person injured in an automobile accident are compensable by a personal protection insurer only to the extent that the expenses are greater as a result of the accident.

*John D. Tallman* for plaintiff.

*Law Offices of Ronald M. Sangster, PLLC* (by *Ronald M. Sangster*), for defendant.

Before: SERVITTO, P.J., and BANDSTRA and MARKEY, JJ.

BANDSTRA, J. Plaintiff appeals as of right the trial court's denial of his request for work loss benefits, penalty interest, and attorney fees. Defendant cross-appeals, arguing that the trial court incorrectly awarded the full cost of plaintiff's housing expenses. We reverse and remand.

We review a decision on a motion for summary disposition de novo. *Coblentz v City of Novi*, 475 Mich 558, 567; 719 NW2d 73 (2006). We must review the record in the same manner as the trial court to determine whether the movant was entitled to judgment as a matter of law. *Morales v Auto-Owners Ins Co*, 458 Mich 288, 294; 582 NW2d 776 (1998). A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper under MCR 2.116(C)(10) where the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. MCR 2.116(C)(10); MCR 2.116(G)(4); *Coblentz, supra* at 568, quoting *Maiden, supra*.

With respect to plaintiff's first issue on appeal, MCL 500.3107(1)(b) provides that personal protection insurance benefits are payable for "[w]ork loss consisting of loss of income from work an injured person would have performed during the first 3 years after the date of the accident if he or she had not been injured." A plaintiff must suffer a loss of income to be entitled to benefits under this section. *Ross v Auto Club Group*, 481 Mich 1,

12; 748 NW2d 552 (2008). Claimants have the burden of proving the amount they would have earned had they not been injured in the automobile accident. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 472-473; 521 NW2d 831 (1994). Independent contractors can recover work loss benefits because work loss benefits include not only lost wages, but also lost profit, which is attributable to personal effort and self-employment. *Kirksey v Manitoba Pub Ins Corp*, 191 Mich App 12, 17; 477 NW2d 442 (1991).

Here, plaintiff's deposition testimony that he was regularly employed at Club Tequila as a bouncer at the time of his accidental injuries was corroborated by two fellow employees, Alvin Bright and Larry Howard, as well as by an affidavit from the person plaintiff claimed had employed him, Teion Crews. In response, defendant points out that the owner of Club Tequila denied ever having plaintiff as an employee. However, Crews later gave sworn testimony that plaintiff was an independent contractor rather than a direct employee. But, on the other hand, as defendant also points out, Crews' testimony also indicated that plaintiff did not work as often as he claimed (and as Crews has previously averred) and, further, that plaintiff was not likely to have continued on as a bouncer in any capacity as a result of plaintiff's marijuana use.

Suffice it to say that this case was replete with factual questions surrounding plaintiff's employment at the time of the accident and thus his entitlement to wage loss benefits resulting from the accident. How often plaintiff worked, what he earned, his prospects for continued employment, whether he was an employee or an independent contractor and related questions are best left to the fact-finder; they were not properly resolved against plaintiff through a summary disposition order.

Defendant argues vociferously that plaintiff's inability to produce documentation of his employment should be dispositive, but with no precedential support for that proposition. We find our dissenting colleague's agreement with defendant to be based on a mistaken understanding of the statutory scheme. MCL 500.3158(1) does require an employer to furnish a sworn statement regarding the earnings of an injured person but nowhere does it state that, if such information is not provided, an injured person completely loses the right to work loss benefits under MCL 500.3107(1)(b).[1] The dissent would penalize plaintiff for his former employer's failure to comply with MCL 500.3158 even though that statutory provision says nothing about employees and only places a responsibility on employers. As the dissent contends, under the facts and circumstances of this case, penalizing an employee for an employer's failure to produce a sworn statement might be appropriate. However, imposing such a penalty would be a public policy decision for the Legislature, not the courts. Nowhere do the statutes suggest that MCL 500.3158(1) is the only manner in which a wage loss claim may be proved or that the right to a wage loss claim under 500.3107(1)(b) hinges on compliance with MCL 500.3158(1). We are not free to read something into the statute that doesn't exist, no matter how egregious the facts may be.

Further, we note that, while plaintiff freely admitted at his deposition that the wages he claimed he earned at Club Tequila were paid "under the table" and the record suggests that plaintiff failed to properly file income tax returns regarding any income he earned, his claim would not be barred under the wrongful conduct

[1] Of course, the lack of earnings documentation is something for the fact-finder to consider in weighing plaintiff's work loss claim.

rule. *Orzel v Scott Drug Co*, 449 Mich 550, 558-559; 537 NW2d 208 (1995). That rule only bars a claim of a plaintiff "who founded his cause of action on his own illegal conduct." *Id*. at 559. Plaintiff's claim here is not based upon his failure to properly file income tax returns; it is based on his allegations of an automobile accident and resulting work loss injuries. The wrongful conduct rule does not apply because plaintiff's alleged failure to file income tax returns would be only incidentally or collaterally connected to his claim for work loss benefits. *Id*. at 564. Further, we note that the failure to file federal tax returns is not listed as one of the reasons identified by the Legislature to deny a person personal protection insurance benefits. See MCL 500.3113; *Cervantes v Farm Bureau Gen Ins Co*, 272 Mich App 410, 418; 726 NW2d 73 (2006).

In sum, we agree with plaintiff that factual questions existed with respect to his wage loss claim. The trial court improperly granted defendant summary disposition on that claim.

Turning next to defendant's cross-appeal, we further conclude that the trial court erred by awarding plaintiff housing costs based on the full amount he currently pays for rent. This issue is governed by *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521; 697 NW2d 895 (2005). Although *Griffith* considered compensation for food expenses, it indicated, in dicta, that its reasoning and analysis would also apply to housing costs. *Id*. at 538. Under the *Griffith* analysis, plaintiff's housing costs are only compensable to the extent that those costs became greater as a result of the accident. *Id*. at 535-540. Plaintiff must show that his housing expenses are different from those of an uninjured person, for example, by showing that the rental cost for handicapped accessible housing is higher than the rental cost

of ordinary housing. In the absence of that kind of factual record, the trial court erred by concluding that plaintiff was entitled to housing costs compensation merely on the basis of the amount plaintiff was currently paying in rent, for a residence that the record does not even demonstrate was handicapped accessible.

Accordingly, we reverse the orders granting summary disposition to defendant regarding the wage loss claim and to plaintiff regarding the housing cost claim. In light of those determinations, we need not consider plaintiff's arguments regarding penalty interest and attorneys fees, which would be better addressed initially by the trial court following factual determinations as to timing and the propriety of plaintiff's no-fault insurance claims, as well as defendant's actions in response.

We reverse and remand for further proceedings not inconsistent with this opinion. Neither party having fully prevailed, no costs shall be imposed. We do not retain jurisdiction.

SERVITTO, P.J., concurred.

MARKEY, J. (*dissenting*). I believe that the trial court properly denied plaintiff's request for work-loss benefits, penalty interest, and attorney fees; therefore, I dissent in respect to the majority's decision to reverse on that issue.

MCL 500.3158(1) provides:

> An employer, when a request is made by a personal protection insurer against whom a claim has been made, *shall* furnish forthwith, in a form approved by the commissioner of insurance, a sworn statement of the earnings since the time of the accidental bodily injury and for a reasonable period before the injury, of the person upon whose injury the claim is based. [Emphasis added.]

The language of § 3158(1) is unequivocal and unambiguous. The word "shall" signals that the requirement of § 3158(1) is mandatory. There is absolutely nothing about the wording of § 3158(1) that provides for any method of proving a claim for work-loss benefits when an insurer has requested verification from an employer other than that set forth in § 3158(1). Nor is there any caselaw that creates an alternate means. The majority's decision creates, although perhaps inadvertently, an exception to § 3158(1) or an alternative method of proving the amounts claimed for work-loss benefits. Under the facts of this case, I find the majority's crafting a loophole for an employer and his complicit employee who cannot or will not provide the requisite documentation because they are flouting federal and state tax laws contrary to the plain language, intent, and spirit of the no-fault act. The majority is legislating from the bench and creating public policy while that function resides with the Legislature. Moreover, under the facts of this case, I can find no injustice to plaintiff. Indeed, both the law and the equities of this fact situation to me lie with Titan Insurance Company, the personal protection benefits insurer.

Here, there is simply no question whatsoever that plaintiff's employer, although requested by Titan Insurance, failed to provide any documentation whatsoever of wages paid to plaintiff, much less provided documentation in accord with § 3158(1). There is no dispute about this, nor is there any dispute about the fact that plaintiff's employer provided no documentation because the employer maintained no records. Plaintiff worked "under the table." It is, however, incumbent upon claimants to prove how much they would have earned had they not been injured in the automobile accident. *Popma v Auto Club Ins Ass'n*, 446 Mich 460, 472; 521 NW2d 831 (1994). Plaintiff and his employer

patently decided *together* that plaintiff would work "under the table." This was a joint decision obviously made to avoid either of them having to pay taxes. But the side effect of that decision is that it renders the employer and the employee unable—or unwilling—to comply with § 3158(1), and in this case, it patently leaves plaintiff unable to prove how much he would have earned had he not been injured in the automobile accident. MCL 500.3158(1) does not provide for any alternative method of proving a claim for work-loss benefits. Nor under this particular situation, should we allow for affidavits, testimony, or any other means of proving a claim for wage-loss benefits. Had the Legislature intended for there to be another way of proving such a claim under these circumstances, surely by now it would have done so, and if it sees the need to, the Legislature may still, of course, modify the existing statutory requirement.[1]

What makes this decision, I believe, particularly easy is that plaintiff and his employer were provided numerous opportunities to furnish the requisite sworn statement of plaintiff's earnings. The case languished for years; subpoenas were issued for such records and documentation, and depositions were scheduled. Yet the information was never provided. This is not a situation where an injured employee is being punished because of a recalcitrant employer stubbornly or neglectfully failing to provide proof of income.

When one chooses to accept employment for which he or she will be paid "under the table," surely there may be some negative repercussions, and people who make such decisions should expect some. Because of his own and his employer's actions, I believe plaintiff forfeited

---

[1] I can envision factual situations where this Court might consider such evidence to prove a work-loss claim.

his ability to claim work-loss benefits under MCL 500.3158(1). It is improper for this Court to write in exceptions to the requirement of § 3158(1), and I believe the plain language of the statute absolutely forbids us from doing anything other than affirming the trial court in this respect.

Additionally, there is no authority, nor has the majority cited any, for the creation of an exception to § 3158(1). The other employees of plaintiff's employer, also paid under the table, have indeed submitted affidavits and other evidence, but it is all conflicting. Moreover, without plaintiff's satisfying the requirements of § 3158(1), the issue should be examined no further. The courts cannot create "a genuine issue of material fact" as the majority concludes there is where the initial statutory requirement has not and cannot be met. The simple fact of this case is that plaintiff cannot provide documentation as required under the statute to make a claim for wage-loss benefits. It is profoundly unfair to allow a judicially created means to collaterally attack the requirement that such documentation be provided because it puts the no-fault insurance carrier in an untenable position. It has no way whatsoever to dispute or prove—when it is not its burden of proof—the amount the plaintiff was earning at the time of the accident. It creates a situation rife with the potential for fraud, frankly, what seems to be precisely the case here. Moreover, we must look at the no-fault statute in its entirety to interpret it harmoniously. When one reads MCL 500.3107(1)(b), that portion of the statute that sets forth in detail the computation of work loss for an injured party, it is again patent that the calculations must stem from the documentation received from the employer as to how much the injured claimant was earning.

Additionally, I do not believe that my analysis requires us to address or be concerned with whether plaintiff or his employer filed federal or state income tax returns. I agree that plaintiff apparently is entitled to other forms of first-party, no-fault benefits, for example the attendant care and housing expenses that are also claimed in this case. I would not deny, nor do I believe that the trial court denied, his claim for work-loss benefits on the basis of the fact that he or his employer failed to comply with tax laws. In short, I see no applicability under the facts of this case and in view of the statutory language previously discussed for any resort to MCL 500.3113.

In conclusion, the unfortunate ramification for plaintiff in this case who chose to work "under the table" is that he cannot meet the statutory requirements for documenting his wages. Nor can his employer supply the requisite proof by any other means. Without documentation of the amount he was allegedly earning, I do not believe he can prove a claim for work-loss benefits under MCL 500.3107(1)(b). Summary disposition is proper under MCR 2.116(C)(10) where the evidence fails to establish a genuine issue regarding any material of fact, and the moving party is entitled to judgment as a matter of law. Here, there is no genuine issue of the material fact that plaintiff cannot and did not provide the requisite statutory documentation in respect to his earnings at the time of the accident. The statute requires that he provide such documentation when the insurer, here, Titan, so requests. Because there is no genuine issue regarding that fact, defendant was entitled to summary disposition as a matter of law, and the trial court was correct in doing so.

I would affirm the trial court on this issue.